DOCHOFF *v.* GLOBE CONSTRUCTION CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT— STATUTORY LIMITATIONS FOR FILING CLAIM.

The six months statute of limitations fixed by the workmen's compensation act (2 Comp. Laws 1915, § 5445), affects the right as well as the remedy of the injured employee.

2. SAME—INSURER NOT AN AGENT—NOTICE.

The insurer of an employer is not an agent of the latter for the purpose of being served with notice of claim for compensation for an injury to an employee under the terms of the workmen's compensation act.

3. SAME—COMPENSATION—FAILURE TO FILE CLAIM WITHIN STATUTORY PERIOD.

Where it clearly appears that neither the injured employee nor any person representing him made any claim upon the employer for compensation under the act within six months from the date of the accident, the order of the industrial accident board denying compensation will be affirmed.

Certiorari to Industrial Accident Board. Submitted October 21, 1920. (Docket No. 86.) Decided December 21, 1920.

Nick Dochoff presented his claim for compensation against the Globe Construction Company and the General Accident, Fire & Life Assurance Corporation, Limited, insurer, for injuries received in defendant's employ. From an order denying compensation, plaintiff brings certiorari. Affirmed.

*R. E. Hofelich* and *Miller, Miller, Brady & Seeley,* for appellant.

*Kerr & Lacey,* for appellees.

On time within which notice of injury and claim for compensation under workmen's compensation act, must be given or other steps taken, see notes in L. R. A. 1917D, 138; L. R. A. 1918E, 559.

STEERE, J.   Under provisions of the workmen's compensation act, Nick Dochoff, plaintiff herein, was, on December 11, 1919, awarded compensation by a committee of arbitration at the rate of $10 per week for 100 weeks for the loss of an eye.

Defendants appealed therefrom to the industrial accident board denying liability for the following reasons:

"1. That the applicant was not in the employ of respondent at the time of the alleged accident;

"2. There was no accident within the meaning of the act arising out of and in the course of the employment;

"3. There was no disability as result of the accident;

"4. No claim for compensation was made within six months;

"5. That if there was loss of an eye it was not occasioned by the alleged accident;

"6. Respondent did not have notice or knowledge of the accident within three months."

On review the accident board reversed the decision of the committee on arbitration, on the ground that claim for compensation was not made upon the employer within six months from the date of the accident, as required by section 15, part 2, of the act (2 Comp. Laws 1915, § 5445).

There was testimony showing, or tending to show, that on October 6, 1918, Dochoff was in the employ of the Globe Construction Company, in the city of Flint, as a common laborer engaged in putting cement into a mixer, and while so doing a small piece of cement got into his eye, which so hurt and irritated it that within three days thereafter he had it treated by a physician in Flint to whom he was directed to go by his foreman, or "straw boss."   His eye grew worse and he went to the University hospital at Ann Arbor for treatment, but he eventually became totally blind

in that eye as a result of the injury sustained on October 6, 1918.

The questions of whether the accident arose out of and in the course of plaintiff's employment, and whether it resulted in the loss of his eye, were issues of fact with abundant evidence to sustain the finding of the committee of arbitration. The accident board apparently so assumed in its decision, but held plaintiff was not entitled to an award upon the sole ground that his claim to the employer was not made within the six months limitation fixed by the statute. It is conceded that no written notice of the injury appears to have been given to the employer. There was evidence to support the claim that the employer's actual knowledge of the same was within the 90-day limit.

Plaintiff was a foreigner unable to speak the English language. The next thing shown of him after he left the Ann Arbor hospital was a letter from Messrs. Miller, Miller, Brady & Seeley, a firm of attorneys in Toledo, Ohio, who wrote the industrial accident board as his legal representative, stating the facts and result of the injury as claimed by him, asking for blanks on which to make a claim for compensation under the Michigan law; and inquiring in that connection whether the Globe Construction Company was operating under the Michigan act. This letter was received by the industrial accident board on February 6, 1919, and answered under date of February 14, 1919, inclosing blanks and stating that the Globe Construction Company was insured under the act by the defendant assurance corporation, giving some directions as to filling out the blanks and concluding:

"On receipt of said claim blanks, we will notify the proper parties. You should mail one of these claim blanks to this office and to each of the respondents. Please try and give us the correct name of the employer."

On March 4, 1919, the Toledo attorneys mailed to the industrial accident board claim for compensation made out upon the blanks which had been provided for that purpose, and setting out the name and address of claimant and employer, date of accident, nature of the injury, etc., stating in the accompanying letter:

"We are also taking this matter up directly with the Globe Construction Company and presume that they will turn the matter over to the General Accident Assurance Corp. for adjustment."

This letter and application for compensation were received and filed by the industrial accident board on March 5, 1919. The record does not show that any copy of the notice of claim, or application, was mailed by the attorneys to the defendants as directed by the board until over six months after the accident.

On March 31, 1919, the industrial accident board sent the defendant Globe Construction Company the following letter:

"We are advised that an accident occurred October 6, 1918, in which Nick Dochoff was injured while in your employ while you were building roads on contract for the Flint County Road Commission. We will ask that this accident be reported on Forms 5-A and 6, or 5-B and 6, as the case may warrant. Form 5-A should have been filed within 10 days after the accident. Form 5-B should have been filed if this man could have returned to work within fourteen days after the accident, but if he could not have returned to work on the fifteenth day, then you should have filed Form 6, and as these reports are now past due, we will ask that you give this matter prompt attention. There is a fine of $50 which can be imposed on employers who do not give prompt reports of their accidents. We are inclosing blank forms for your use."

This was received by the Globe Construction Company shortly after its date.

On the same date the industrial accident board

mailed a letter to the defendant assurance corporation as follows:

"*In re* Nick Dochoff *v.* Globe Construction Co. 10/6/18. We are in receipt of notice that an accident occurred to Nick Dochoff, the plaintiff in the above entitled case, on October 6, 1918, and he has filed Form 5, 'Notice to Employer of Claim for Injury' to cover same.

"As this accident occurred some time ago, we will ask your prompt attention, proper adjustment or a definite statement of your position in the matter."

The defendant assurance corporation replied to this under date of April 3, 1919, as follows:

"*Re* Globe Construction Co., N. Dochoff, 10/6/18. We are in receipt of your letter of March 31, and wish to advise you that this accident has not been reported to this office. We have written to the assured for a report and as soon as same is received it will have our attention."

This communication was received by the industrial accident board on April 4, 1919. The letter from the assurance corporation to the Globe Construction Company mentioned therein was not produced.

On April 10, 1919, the Globe Construction Company answered the letter it received from the industrial accident board dated March 31, 1919, as follows:

"Replying to your recent letter relative to Nick Dochoff, who claims injury on October 6, 1918, this man was not working on the date claimed but was on our pay roll the following two days. We are investigating this matter and will write you more fully later."

The industrial accident board received this letter on April 11, 1919. There is no evidence of any further report made by the Globe Construction Company. The treasurer of said company who had charge of the correspondence testified that the first knowledge which came to her of any claim by plaintiff for com-

pensation was about May 1, 1919, in a letter with notice of claim inclosed received from the Toledo attorneys.

It appears from an examination of this correspondence that but one of these communications to defendants which were sent within six months after the accident makes mention of any claim for compensation. All the others refer to notice of the accident only. In its letter of March 31, 1919, to the assurance corporation the industrial accident board states it is in receipt of notice of an accident which occurred to Dochoff upon October 6, 1918, while in the employ of the Globe Construction Company, and that he had "filed Form 5, 'Notice to Employer of Claim for Injury' to cover same." Aside from that statement the record is barren of any evidence of a communication to the employer from the employee or any one in his behalf, giving notice of a claim for compensation within six months of the occurrence of the accident.

The material sections (2 Comp. Laws 1915, §§ 5445-5447) are as follows:

"SEC. 15. No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer three months after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same; or, in case of the death of the employee, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity.

"SEC. 16. The said notice shall be in writing, and shall state in ordinary language the time, place and cause of the injury; and shall be signed by the person injured, or by a person in his behalf, or, in the event of his death, by his dependents or by a person in their behalf.

"SEC. 17. The notice shall be served upon the employer or an agent thereof. Such service may be made by delivering said notice to the person on whom

it is to be served, or leaving it at his residence or place of business, or by sending it by registered mail addressed to the person or corporation on whom it is to be served, at his last known residence or place of business."

This six months statute of limitations affects the right as well as the remedy of the injured employee. In *Schild* v. *Railroad Co.*, 200 Mich. 614, this court said in an opinion by Chief Justice OSTRANDER:

"The judicial power does not extend to setting aside the plain terms of the law. The proceeding is special. The condition of giving notice of a claim for compensation, controlling the right to demand the same, is clear. There is no room for construction, and the difficulties attending upon a judicial variance from the legislative rule are obvious. Perhaps the legislative rule ought to be changed: a question for the legislature. * * * But if a right under the Michigan law is claimed, notice of the claim must be given within six months after the injury is received."

It is obvious that neither the person injured nor his attorneys who represented him in the matter, either signed or "served upon the employer or an agent thereof" any notice of claim for compensation within the statutory limit. The industrial accident board had furnished plaintiff's attorneys with appropriate blanks and instructed them how and upon whom they should serve notice of claim for compensation. Certainly the industrial accident board held no brief for plaintiff, nor can it be said to have represented him in any partisan sense in the proceeding before it. Neither can it be assumed that the board designedly signed "in his behalf" the letter of March 31st to the assurance corporation as a notice of his claim for compensation, in discard of its own form for that purpose which it had prescribed for others to use. The board had received word from other sources of an accident to one of the Globe Construction Company's employees which occurred several months before, and

which it was the company's duty to report to the board within 10 days thereafter. The manifest object in writing the two letters of March 31st to defendants was to stimulate prompt action on the part of a delinquent employer in furnishing a belated report.

But assuming the letter was a proper notice of plaintiff's claim for compensation signed by the industrial accident board "in his behalf," it was not 'sent to or served upon the employer, but upon the General Accident, Fire & Life Assurance Corporation, Limited, a foreign corporation authorized to do business in this State. Plaintiff's counsel contend that, being the insurer, it was, for the purpose of receiving notice of claim for compensation, an agent of the Globe Construction Company. The latter is a domestic corporation organized under the laws of this State. These two corporations had no representative relations or connection with each other in the conduct of the respective lines of business for which they were incorporated and in which they were engaged, so far as shown. Their only business relations were as insurer and insured. There is nothing in the act either expressly recognizing such relation as creating the insurer an agent of the insured for the purpose of being served with such notice, nor inferentially impressing upon the insurance company in which an employer may hold a policy the representative character and derivative authority which are the distinguishing features of an agent. Under the act the liability of the employer to the employee is direct and positive. The latter is not relegated to seek compensation from an insurance company because it may be holden by contract with the employer to indemnify him, or it, from loss. The insurance is but added security that the employer will pay the determined compensation to the injured employee. *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich. 8.

The provisions of the act directing the manner and fixing the time in which the injured party must proceed to establish his right to an award, set the statute of limitations in plain terms. They are not open to variations by judicial construction. Plaintiff's claim for compensation was not made upon his employer within six months from the date of the alleged accident.

The order of the industrial accident board denying compensation is affirmed.

MOORE, C. J., and BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.