DODGE v. GENERAL MOTORS CORP.

1. WORKMEN'S COMPENSATION—AWARD OF DEPUTY COMMISSIONER—REVIEW—EXTENSION OF TIME.

When the time fixed by statute for review of award of deputy commissioner of the department of labor and industry has expired without any claim for review having been filed by either party the award stands as the decision of the department and only in an exceptional case and upon a showing of sufficient cause for further delay may an extension of time be granted (2 Comp. Laws 1929, § 8447, as amended by Act No. 245, Pub. Acts 1943).

2. SAME—REVIEW OF DEPUTY'S AWARD—EXTENSION OF TIME—ABUSE OF DISCRETION—AFFIDAVITS.

Affidavit that delay in appealing from award of deputy commissioner of the department of labor and industry beyond the time fixed by statute, was due to reasons beyond the control of plaintiff and his attorney without reciting or making of any showing of facts showing cause for delay constituted an insufficient basis upon which to extend the time and order making extension was an abuse of discretion (2 Comp. Laws 1929, § 8447, as amended by Act No. 245, Pub. Acts 1943).

3. SAME—DELAYED APPEAL FROM DEPUTY'S AWARD—OBJECTIONS.

Written answer by defendant objecting to plaintiff's petition for delayed appeal from award of deputy commissioner of the department of labor and industry, overruled by order granting delayed appeal rendered it unnecessary to renew objections on review (2 Comp. Laws 1929, § 8447, as amended by Act No. 245, Pub. Acts 1943).

4. SAME—REVIEW OF DEPUTY'S DECISION—PURPOSE.

The sole purpose of the statutory review of the decision of a deputy commissioner of the department of labor and industry is to review his decision and not the interlocutory orders of the reviewing body (2 Comp. Laws 1929, § 8447, as amended by Act No. 245, Pub. Acts 1943).

5. SAME—DELAYED APPEAL FROM DEPUTY COMMISSIONER—INTERLOCUTORY ORDERS.

An order granting a delayed appeal from award of a deputy commissioner of the department of labor and industry is not a final decision but an interlocutory order which did not dispose of the case but left it for further action of the reviewing body in order to settle and determine the entire controversy on its merits (2 Comp. Laws 1929, § 8447, as amended by Act No. 245, Pub. Acts 1943).

6. SAME—INTERLOCUTORY ORDERS—APPEAL TO SUPREME COURT.

An appeal to the Supreme Court from an interlocutory order of the department of labor and industry granting a delayed appeal from an award by a deputy commissioner would not be proper (2 Comp. Laws 1929, § 8447, as amended by Act No. 245, Pub. Acts 1943).

7. SAME—APPEAL TO SUPREME COURT—VALIDITY OF INTERLOCUTORY ORDER.

In connection with an appeal from the department of labor and industry on the merits of a case the validity of its interlocutory order granting a delayed appeal from an award by a deputy commissioner may be considered by the Supreme Court (2 Comp. Laws 1929, § 8447, as amended by Act No. 245, Pub. Acts 1943).

8. SAME—JURISDICTION TO REVIEW AWARD OF THE DEPUTY COMMISSIONER—DELAYED APPEAL.

The compensation commission of the department of labor and industry has no jurisdiction to hear a case on the merits where appeal from the deputy commissioner's award was too late and no reason for delay shown (2 Comp. Laws 1929, § 8447, as amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted October 8, 1946. (Docket No. 13, Calendar No. 43,384.) Decided January 6, 1947.

Harold A. Dodge presented his claim for compensation against General Motors Corporation, Buick Motor Division, for injuries sustained in its employ. Award to plaintiff. Defendant appeals. Reversed.

*H. H. Warner* (*Raymond H. Rapaport,* of counsel), for plaintiff.

*Henry M. Hogan* (*G. W. Gloster, E. H. Reynolds* and *R. V. Hackett,* of counsel), for defendant.

Dethmers, J. Defendant appeals from an order of the department of labor and industry reversing the award of the deputy commissioner which denied plaintiff compensation. The deputy commissioner's award was filed and copies mailed to the parties on May 21, 1945. On August 13, 1945, plaintiff filed with the commission a petition for a delayed appeal, supported by the affidavit of plaintiff's attorney, which recited, in substance, that he had been retained by plaintiff after the statutory 10-day period for appeal had expired, that he had examined the records of the case and believed plaintiff had a meritorious case, and that the delay was due to circumstances beyond the control of plaintiff and his attorney and was not due to the negligence of either. On September 10, 1945, the commission granted a delayed appeal and on January 15, 1946, reversed the award of the deputy commissioner and granted plaintiff compensation. Defendant appeals on the ground, *inter alia,* that the commission's order granting a delayed appeal amounted to an abuse of discretion.

Section 8447, 2 Comp. Laws of 1929, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8447, Stat. Ann. 1946 Cum. Supp. § 17.182) reads in part:

"Unless a claim for a review is filed by either party within 10 days, the decision shall stand as the decision of the compensation commission: Provided, That said commission may, for sufficient cause shown, grant further time in which to claim such review."

Was sufficient cause shown? Plaintiff contends that this question, raised by the statute, is addressed to the sole discretion of the commission, that this Court does not substitute its discretion for that of the commission which cannot come before us for consideration in the absence of a finding of an abuse of discretion. As authority for this proposition, plaintiff cites the case of *Curley* v. *Beryllium Development Corp.*, 281 Mich. 554. But in that case, in which lack of an attorney and plaintiff's ignorance of the time limit on appeals were advanced as the reasons and cause for delay, Mr. Justice Wiest, speaking for the Court, said (558):

"It would have been an abuse of discretion on the part of the department had recognition been given to the reason alleged."

And in the case of *Brunette* v. *Quincy Mining Company*, 197 Mich. 301, 306 (16 N. C. C. A. 743), it was said:

"When the time fixed by statute expires without any claim of review filed by either party, the award stands as the decision of the industrial accident board.*  Only in exceptional cases and for some

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry, are administered by the compensation commission thereof, and the board abolished. See 2 Comp. Laws 1929, §§ 8310, 8312, as amended by Act No. 241, Pub. Acts 1943 (Comp. Laws Supp. 1945, §§ 8310, 8312, Stat. Ann. 1946 Cum. Supp. §§ 17.1, 17.3).—Reporter.

special reason the board may, upon a meritorious application showing in its judgment sufficient cause for further delay, grant an extension of time.''

While the affidavit supporting plaintiff's petition alleges, as a matter of conclusion, that the delay was due to reasons beyond the control of plaintiff and his attorney and not due to their negligence, it recites no facts in support thereof nor any which show the cause for delay beyond the statutory 10-day period. The commission's order for delayed appeal is contrary to the statute and an abuse of discretion.

But plaintiff contends that defendant has abandoned its rights in this connection because it neither sought review in this Court by certiorari within 30 days after date of the order nor preserved the question for review in this Court by raising it affirmatively before the commission on review. What defendant did do was to file a written answer to plaintiff's petition, objecting thereto on the ground that it showed no cause for delay. Defendant's objection was overruled by the commission's order granting delayed appeal. There was no necessity or occasion for defendant to renew its objections before the commission, on review, inasmuch as such review, provided for by statute (section 8447, 2 Comp. Laws of 1929, as amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8447, Stat. Ann. 1946 Cum. Supp. § 17.182]), is for the sole purpose of reviewing the decision of the deputy commissioner and not the previous interlocutory orders of the commission itself. This was not a final decision or determination of the commission, but an interlocutory order which did not dispose of the case but left it for further action by the commission in order to settle and determine the entire controversy on the merits. At that stage an appeal to this Court would not have been proper. *Lucas v. Ford Motor Có.*, 299 Mich. 280. On the other

hand, this Court previously, as now, has considered in connection with the appeal from the final decision of the commission on the merits of the case the validity of the commission's interlocutory order for a delayed appeal. *Meyers* v. *Iron County,* 297 Mich. 629.

Sufficient cause for delayed appeal was not shown. The appeal was too late. The commission had no jurisdiction to hear it. The decision of the deputy commissioner stands as the decision of the commission and remains in force.

Reversed, with costs to defendant.

CARR, C. J., and BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred. BUTZEL, J., did not sit.