PITTS *v.* ADMIRAL PLUMBING & HEATING COMPANY.

1. WORKMEN'S COMPENSATION—HEARING—PROOF OF INJURY—SERVICE OF NOTICE.

> Proceeding to recover workmen's compensation is remanded for further hearing, where record presented is very incomplete, inconclusive, and unsatisfactory both in regard to the proof of injury and as to whether defendant was actually served with notice, witnesses are available, defendant desires to give proof, and the workmen's compensation appeal board has not passed upon the merits of the case, deciding it would not do so because of lack of authority to grant defendant's petition for rehearing.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 454 *et seq.*
[2] 58 Am Jur, Workmen's Compensation § 543.

2. SAME—COSTS.
     Costs are ordered to abide the final result, where cause is re-
        manded for further hearing so as to permit defendant employer
        to participate in proceeding to recover workmen's compensa-
        tion for alleged injury.

Appeal from Workmen's Compensation Appeal
Board. Submitted January 2, 1962. (Docket
No. 10, Calendar No. 49,207.) Decided October
1, 1962.

Willis Pitts presented his claim against Admiral
Plumbing & Heating Company for compensation be-
cause of injury during employment. Award to plain-
tiff on failure of defendant to appear. Petition for
rehearing denied. Defendant appeals. Reversed
and remanded for further hearing.

*Dann, Rosenbaum, Bloom & Kaufman* (*Bernard
L. Kaufman,* of counsel), for plaintiff.

*Pevos & Pevos,* for defendant.

KELLY, J. Plaintiff was the only witness that
testified before the hearing referee on February 17,
1960, and again on August 12, 1960. Defendant was
not represented and did not appear at either hearing.

Plaintiff testified at the February 17, 1960, hearing
that he had worked for defendant from 1946; that
in July, 1957, he delivered a bathtub to the home of
a Mrs. Tubnick; that help defendant told him would
be available to carry the bathtub up the stairs was
not available, and, with the help of a coemployee,
plaintiff attempted to carry the tub upstairs but
after clearing the second landing he was injured
when the coemployee tripped on a rug and fell
causing the full weight of the tub to fall on plain-
tiff; that Mrs. Tubnick notified defendant's office of
his injury; that he sought medical attention from Dr.

Greer and obtained a back brace prescribed by Dr. Greer; that while he continued to have back pains he was given lighter work and continued to work until he was laid off by defendant in June, 1958; that he filed his application for hearing with the workmen's compensation department on October 22, 1958.

At the conclusion of the first hearing (February 17, 1960) the referee refused to make an award and stated he would refer the entire file to the attorney general for a show cause order on the Admiral Plumbing & Heating Company, and he suggested to the plaintiff, and the plaintiff agreed, to not only bring in proof of the status of Mr. Demaria and Mr. Poag (defendant's employees) but to issue a subpoena for Mr. Brant (officer of defendant company).

For some unexplainable reason nothing appears further either in regard to the referee's statement in reference to the attorney general or plaintiff's promise to subpoena Brant and bring in proof concerning the status of Demaria and Poag.

Plaintiff again was the only witness at the August 12, 1960, hearing that culminated in the award. When the referee called to plaintiff's attention the fact that he had testified that he was injured in July of 1957, plaintiff answered that he was mistaken; that since the last hearing he had found a card on which he had written the date of injury as February, 1957.  Under the referee's questioning plaintiff changed his testimony as to when he first sought medical attention, stating it was during 1959, about a year after he was laid off work by defendant, that he first sought medical help.

The referee rendered a decision and award in favor of appellee, as follows: $57 weekly from July 1, 1958, to September 30, 1959; $33.33 weekly from October 1, 1959, to August 12, 1960; $35 medical care.

Defendant received notice of intention to take judgment (October 13, 1960) and, claiming that this

was the first knowledge defendant had of any proceeding against it, filed with the appeal board a request for rehearing claiming the award was without valid jurisdiction because defendant employed fewer than 3 employees and, further, that defendant received no notice of the proceedings.

December 19, 1960, the appeal board entered its decision denying appellant's petition for rehearing on the grounds that it had no authority to grant such a request and denied appellant's requests and petitions insofar as it considered same petitions for delayed appeal.

Section 8, part 3, of the workmen's compensation act (CL 1948, § 413.8 [Stat Ann 1960 Rev § 17.182]) provides for the filing of a claim for review, stating that such claim must be filed within 10 days of the referee's decision, but, also, provides "that said commission may, for sufficient cause shown, grant further time in which to claim such review."

Rule 4* of the rules of practice of the workmen's compensation department provides that "the department shall thereupon serve the adverse party with a copy of the application," and Rule 6* provides: "Service of all papers, unless otherwise directed by law, may be made by mail and proof of such mailing will be prima facie evidence of such service."

Appellant states:

"The certified record in this case contains no proof of service of the application for hearing and adjustment of claim on appellant. At the hearing on February 17, 1960, the referee read into the record:

" 'This application was served on the defendant on November 6, 1958.'

"There is nothing in the certified record to support the aforesaid statement by the referee. The record

---

* 1959 AACS, §§ R 408.34, R 408.36.—Reporter.

discloses no sworn proof of service nor even a return of service. Neither does the record disclose a registered mail return receipt, certified mail delivery receipt, nor a sworn affidavit of proof of mailing. * * *

"The certified record in this case contains a copy of the application which is stamped 'mailed', but there is neither proof of mailing nor proof that same was ever delivered to appellant."

Appellee answers:

"Certainly, in the case at bar, the notice given was sufficient to make it reasonably probable that the defendant-appellant proceeded against was apprised of what was going on and was given an opportunity to defend."

There is in the file the application for hearing and adjustment of claim and the decision, both stamped "Mailed." Also in the file is what appears to be copies of several notices of hearing (not stamped "Mailed") and the certified record submitted does not contain proof of service of any of these. Appellant is correct that the only proof is the statement of the referee made at the beginning of the February 17, 1960 hearing, that "This application was served on the defendant on November 6, 1958."

Appellant in his appendix calls to our attention that in the circuit court for the county of Wayne there was filed the following affidavit of Louis Brant:

"Louis Brant, being first duly sworn, deposes and says as follows:

"That he is a resident of the city of Detroit, county of Wayne, State of Michigan, and several years ago he was an officer of the Admiral Plumbing & Heating Company, a Michigan corporation, now defunct, which was doing business on Gratiot, in the city of Detroit.

"That he had no knowledge whatsoever that any proceedings were pending before the workmen's compensation department against the said Admiral Plumbing & Heating Company, nor did he at any time receive any notices of such proceedings.

"That he was never informed by Willis Pitts, the above named plaintiff, of any injuries occurring to the said Willis Pitts on or about the 5th day of February, 1957, or at any time during the year.

"That during the month of March, 1960, and on or about the 7th day of June, 1960, he suffered severe head and spinal injuries affecting his capacity to conduct his daily business affairs.

"That he had no knowledge whatsoever that any such proceedings were pending before the workmen's compensation department until he received a copy of the notice of intention to take judgment from the offices of Dann, Rosenbaum, Bloom & Kaufman, attorneys for the plaintiff, Willis Pitts."

A very incomplete, inconclusive, and unsatisfactory record is submitted in this case, both in regard to the proof of injury and the question as to whether defendant was actually served.

From plaintiff's testimony it appears that witnesses are available. Defendant desires to give proof and the appeal board has not passed upon the merits of this case, but has decided that it would not do so because it did not possess authority to grant appellant's petition for rehearing.

The record justifies a finding by this Court that the case be remanded for further hearing. Costs to abide final result.

Carr, C. J., and Dethmers and Otis M. Smith, JJ., concurred with Kelly, J.

Kavanagh, J. (*concurring*). I agree with Justice Kelly that a very incomplete, inconclusive and unsatisfactory record is submitted in this case, both

in regard to the proof of injury and the question of whether defendant received notices of hearings. The record justifies a finding by this Court that the case be remanded to the workmen's compensation appeal board for a hearing to determine by competent proof whether notices of hearings were actually given to defendant.

The appeal board has not passed upon the merits of this case. Its opinion contains the following statement:

"This board, being fully advised in the premises and finding that it has no power or authority to grant a rehearing and further finding that the requests and petitions of defendant to such extent as they constitute petitions for delayed appeal should be denied."

As authority for this position the appeal board relies upon the following statement of this Court in *Dodge* v. *General Motors Corp.,* 316 Mich 425, 430:

"Sufficient cause for delayed appeal was not shown. The appeal was too late. *The commission had no jurisdiction to hear it."* (Emphasis supplied.)

The question before the Court in the *Dodge Case* was whether or not the commission's[1] order granting a delayed appeal amounted to an abuse of discretion. The Court found that, under the facts and circumstances in the case, the appeal board's action did constitute an abuse of discretion. The decision did not intend to limit the statutory jurisdiction imposed on the appeal board by CL 1948, § 413.8 (Stat Ann 1960 Rev § 17.182).[2]

---

[1] The powers and duties of the workmen's compensation commission, here referred to, have been transferred to the workmen's compensation appeal board and the commission abolished. See PA 1955, No 62 (CLS 1956, §§ 408.9, 408.32, Stat Ann 1960 Rev §§ 17.6[15], 17.6[32]).—REPORTER.

[2] CL 1948, § 413.8 (Stat Ann 1960 Rev § 17.182), reads as follows: "Sec. 8. The member or deputy member of the commission assigned

In the case before us, the record justifies a finding by this Court that the case be remanded to the appeal board for a hearing to determine by competent proof whether notices of hearings were actually given to defendant.

If, on such proof, it is determined defendant had proper notice, then the appeal board will affirm the present award, since the failure of defendant to present its defenses after proper notice would bar its presentation at this time.

On determining that no proper notice was given defendant, a new hearing, after proper notice, shall be conducted by the appeal board.

Costs shall abide the final result.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, and OTIS M. SMITH, JJ., concurred with KAVANAGH, J.

ADAMS, J., did not sit.

---

to any hearing in accordance with the provisions of section 7 shall make such inquiries and investigations as it shall deem necessary. The hearings of the member or deputy member of the commission shall be held at the locality where the injury occurred, and the decision of the member or deputy member of the commission shall be filed with the compensation commission. Unless a claim for a review is filed by either party within 10 days, the decision shall stand as the decision of the compensation commission: Provided, That said commission may, for sufficient cause shown, grant further time in which to claim such review."