RUSSELL v. SHIPPERS DISPATCH, INC.

1. Administrative Law—Appeal and Error—Jurisdiction—Parties.

An appellate body must have jurisdiction over the parties whose legal rights are affected by the appellate review before the entry of an appellate decision can be made on a matter of appeal.

2. Workmen's Compensation—Appeal and Error—Notice of Appeal—Jurisdiction.

The Workmen's Compensation Appeal Board had no jurisdiction to determine the rights of a party to the original hearing before a referee where that party was not given the proper and required notice of the appeal taken by another party.

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 1 March 6, 1974, at Detroit. (Docket No. 16645.) Decided May 1, 1974. Leave to appeal granted, decision affirmed in reversing appeal board, and remanded to appeal board for *de novo* review, 392 Mich 773.

Claim by Elwood H. Russell against Shippers Dispatch, Inc., Liberty Mutual Insurance Company, and Truck Insurance Exchange for workmen's compensation. Compensation granted and the Workmen's Compensation Appeal Board ordered benefits paid by Truck Insurance Exchange. Truck Insurance Exchange appeals. Reversed and the decision of the hearing referee attributing liability to Shippers Dispatch, Inc., and Liberty Mutual Insurance Company reinstated.

*William E. Wade,* for plaintiff.

References for Points in Headnotes
[1] 2 Am Jur 2d, Administrative Law §§ 542, 544.
[2] 58 Am Jur, Workmen's Compensation § 374 *et seq.*

*Lacey & Jones* (by *Hayim I. Gross),* for defendants Shippers Dispatch, Inc., and Liberty Mutual Insurance Company.

*Conklin, Benham, McLeod, Ducey & Ottaway, P. C.,* for defendant Truck Insurance Exchange.

Before: DANHOF, P. J., and BRONSON and BOYLE,* JJ.

BOYLE, J. This appeal by Truck Insurance Exchange is from a Workmen's Compensation Appeal Board ruling ordering said appellant Truck Insurance Exchange to pay compensation benefits for a second injury incurred by plaintiff, Elwood H. Russell. The ruling appealed from reversed a hearing referee decision attributing the liability to codefendants Shippers Dispatch and Liberty Mutual Insurance Company, the appeal board ruling that Russell's disability was attributable to an incident covered by appellant Truck Insurance Exchange which was ordered by the board to pay compensation benefits to Russell.

For a full understanding of the case and the principal issue involved, the following facts are set forth:

Plaintiff Elwood H. Russell was employed as a truck driver for 22 years until October 22, 1968 when he was involved in an accident while driving his truck during the course of his employment with Shippers Dispatch. Immediately after the accident, he suffered back pain and missed work until December 16, 1968. Then he returned to work and performed substantially all of his ordinary employment functions until May 13, 1969.

While loading a flatbed stake truck, he attempted to secure the load by wrapping lengths of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

chain around his load. As he was securing a length of chain, he fell from the truck and struck the ground. Immediately thereafter, he developed pains in his legs and was hospitalized, performing no further work for defendant Shippers Dispatch. At this time, appellant Truck Insurance Exchange was on the risk for workmen's compensation liability for the defendant Shippers Dispatch. After hospitalization, Russell accepted a job driving a bus, which was favored work paying less than his former job.

On October 25, 1969, he filed an application for hearing with the Bureau of Workmen's Compensation alleging as a basis therefor the injury which occurred on May 13, 1969. Thereafter, appellant Truck Insurance Exchange filed a petition for determination of rights alleging substantially that plaintiff's disability, if any, was the product of the accident suffered on October 22, 1968, while Liberty Mutual Insurance Company was the insurance carrier for the employer, Shippers Dispatch.

The hearing referee on or about October 1, 1970 entered two decisions. One ordered Shippers Dispatch and Liberty Mutual Insurance Company to pay compensation and medical expenses for the period October 23, 1968 through December 14, 1968; and the other decision ordered Shippers Dispatch and Truck Insurance Exchange to pay compensation and medical expenses for May 14, 1969 through September 17, 1969, and further ordered Shippers Dispatch and Liberty Mutual Insurance Company to pay an open award from September 18, 1969, until further order of the bureau. These orders were entered October 1, 1970. Liberty Mutual then filed a timely application for review of the claim to the appeal board with a copy of its application for review served on

the attorney for the plaintiff but not on Truck Insurance Exchange.

On December 8, 1970, the attorneys for appellant Truck Insurance Exchange corresponded with the chairman of the appeal board, Mr. A. T. Iverson, on the question of satisfying the decision of the referee as entered with copies of the correspondence to all parties in interest. Chairman Iverson thereupon informed appellant Truck Insurance Exchange that appellant should pay the award as ordered by the referee and file their form 101–102 as Truck Insurance Exchange was not a party to the appeal.

On December 22, 1970, attorneys for appellant Truck Insurance Exchange paid the award as ordered and filed with the Bureau of Workmen's Compensation its final form 101–102 with copies to all interested parties. On January 29, 1971, attorneys for Liberty Mutual requested a 90-day extension in which to file its brief with the appeal board, and again on May 5, 1971, August 3, 1971, and November 2, 1971 Liberty Mutual made successive requests for additional 90-day extensions. Appellant Truck Insurance Exchange was not served with any of these requests, nor with the brief on appeal of Liberty Mutual which was filed on November 4, 1971, although Liberty Mutual did make service on the attorney for the plaintiff Elwood H. Russell, who did not appeal the referee's decision.

On February 15, 1973, the Workmen's Compensation Appeal Board entered its order modifying the decision of the hearing referee and awarding continuing compensation benefits to plaintiff Elwood H. Russell with the proviso that the proper party on whom liability should fall was appellant Truck Insurance Exchange, instead of on Liberty

Mutual Insurance Company. On February 21, 1973, the attorney for plaintiff Elwood H. Russell filed a petition for a delayed claim for review with the Workmen's Compensation Appeal Board raising the question of defendant-appellant Truck Insurance Exchange having been a proper party to the appeal taken. This petition was denied on February 23, 1973, the chairman of the Workmen's Compensation Appeal Board, Mr. Michael J. Gilman, informing plaintiff's attorney that the board was without "authority to recapture or reconsider the matter".

The principal issue for this Court to determine was whether it was a denial of due process to find appellant Truck Insurance Exchange liable where said appellant had not been given notice of the appeal, and took no part in the appeal, claiming that the appeal board by reason thereof did not have jurisdiction over the appellant.

This Court is aware that under proper procedure, the Workmen's Compensation Appeal Board is a quasi-judicial agency, and that hearings by that body are informal and not bound by formal rules of evidence. Rule 6 of the department (1968 AACS, R 408.36), relating to service of papers, states in part:

"A copy of all petitions and motions, except applications referred to in rule 4, shall be served by the moving party upon the adverse party. Proof of such service shall be filed with the bureau";

and Rule 19 of the department (1959 AACS, R 408.49), relating to review and appeal, provides in part:

"In all cases where the employer files a claim for review, a copy of the testimony, depositions and other

documents necessary for such appeal shall be furnished by the employer to the employee or his attorney.

"The appealing party's brief must be filed within 15 days after the filing of the transcript and a copy served upon the opposite party."

While Liberty Mutual may have literally complied with the above-quoted rules by serving notice upon the plaintiff alone, it was not the plaintiff but the Truck Insurance Exchange that was in fact the adversary party. The rules clearly indicate that said rules are applicable to the normal situation where there are only two parties in a case, the employee and his employer. In the instant case, however, the adversary to Liberty Mutual, as indicated, was Truck Insurance Exchange insofar as this appeal was concerned, because as the board indicated in its opinion, there was no dispute as to the compensability of both injuries nor as to plaintiff's continuing disability. The question in this case to be resolved was the problem of apportionment of the liability between Liberty Mutual and Truck Insurance Exchange.

Despite the informality of proceedings and hearings involving workmen's compensation within that body, the principles of due process may not be ignored. It is a well-established principle of law, founded not only on constitutional due process but upon proper appellate procedure, that before the entry of an appellate decision can be made on a matter of appeal, as was done by the Workmen's Compensation Appeal Board in this case, the appellate body must have jurisdiction over the parties whose legal rights are affected by such review, *Susan v Universal Brewing Equipment Company,* 291 Mich 396; 289 NW 190 (1939); *Pitts v Admiral Plumbing & Heating Co,* 368 Mich 37; 117 NW2d 189 (1962). Where a party to the original hearing,

such as Truck Insurance Exchange, is not given the proper and required notice of the appeal taken by another party, such as Liberty Mutual Insurance Company in this case, the Workmen's Compensation Appeal Board had no jurisdiction to determine the rights of Truck Insurance Exchange who was not properly before the board. We believe that *Armstrong v Commercial Carriers, Inc,* 341 Mich 45; 67 NW2d 194 (1954), is in point and dispositive of the issue in this case. As stated in *Armstrong* beginning at page 52:

"Plaintiff and appellee contends that the provisions of Rule No. 6 of the rules and practice of the workmen's compensation commission excused the failure to serve a copy of the application for review upon the appellants. Rule No. 6 reads: 'Service of all papers, unless otherwise directed by law, may be made by mail and proof of such mailing will be prima facie evidence of such service. A copy of all petitions and motions, except applications referred to in Rule No. 3, shall be served by the moving party upon the adverse party. Proof of such service shall be filed with the Commission.'

"We cannot construe this rule to mean that the appeal by Commercial Carriers, Inc., was sufficient to give the commission jurisdiction to determine the rights of Commercial Contracting Company and Consolidated Underwriters, who were not served with notice of the appeal. The fact that the commission sent copies of its letters, orders of continuance, and notice of hearing to appellants' attorney did not confer jurisdiction over appellants in the appeal for review by Commercial Carriers, Inc. * * *

"Appellants were not properly before the workmen's compensation commission and the commission did not have jurisdiction to determine the rights of defendants and appellants. * * *

"The record clearly discloses that the commission was erroneously of the belief that Commercial Carriers' application for review brought before them all of the parties to the proceedings before the deputy."

At page 54:

"Defendant and appellee undoubtedly knew that one of the problems for the commission to determine was which one of the three incidents was mainly responsible for the back injury suffered by plaintiff. *In determining this question the appellants would be adverse parties to defendant and appellee.*" (Emphasis supplied.)

Parenthetically, the reliance of the appeal board on *Dochoff v Globe Construction Co,* 212 Mich 166; 180 NW 414 (1920), is misplaced. It is not in point with the fact situation in the instant case. *Dochoff* dealt with the question of whether notice to an insurance carrier sufficed as notice to the employer for purposes of an employee making an initial claim for benefits pursuant to the statute.

It was not until plaintiff, or his counsel, apparently sensed that all was not right with the appeal that on February 21, 1973—six days after the appeal board entered its order—plaintiff's counsel filed a petition for a delayed claim for review with the board, which petition was denied on February 23, 1973. After appellant Truck Insurance Exchange was granted leave to appeal to this Court, plaintiff petitioned for delayed claim of cross appeal which was granted.

In the event of our reversing the appeal board in this case, which we do, the plaintiff and Liberty Mutual Insurance Company would have us refer the matter back to the commission for final determination as was done in *Armstrong.* But we do not consider such disposition in this case fair to this appellant. We do not consider this plaintiff in the position requiring such disposition of this case by this Court as was plaintiff in *Armstrong. Armstrong,* as indicated by the Court in that case, was one of first impression and was decided November 29, 1954. It was available to the bench and bar,

including counsel for plaintiff and counsel for Liberty Mutual, for precedent and guidance.

Plaintiff in the instant case chose not to appeal the referee's decision but apparently was content to stand by and await whatever might come to him in the form of added benefits if a favorable decision were made by the appeal board. He did not become concerned until after the appeal board made its decision. Now that the decision of the appeal board is being reversed, he and Liberty Mutual request what could amount to a repeat performance of what the board has already done. For, viewing the situation realistically, the facts have already been determined and adjudicated by the referee and by the appeal board with findings and decision made on such facts. It is difficult for us to see how any procedures at this time followed or arguments or briefs now submitted by Truck Insurance Exchange could at this point change the result already reached by the appeal board. In our view, appellant Liberty Mutual should not be rewarded for its error in not having its adversary before the board so that binding adjudication could be made on apportionment of the liability between these two companies. Nor should the plaintiff be rewarded for his inaction. By the same token, Truck Insurance Exchange should not be penalized for prevailing in this Court. The plaintiff on our disposition is still entitled to receive benefits on the basis of the referee's findings and orders.

This Court holds that the order of the Workmen's Compensation Appeal Board should be vacated and the decision of the hearing referee reinstated.

In the course of the oral argument to this Court in this case—as well as in at least one other case involving a dispute between two insurance compa-

nies relating to what contribution each should make in the payment of compensation to a disabled workman—it was our impression that the disabled workman was in a sense "caught in the middle" by the dispute where there was no question as to his being entitled to at least some compensation for his disability. Our inquiries established that the workman was receiving no compensation until the dispute between the insurance companies was resolved by the appellate court. This seems to us to be unfair and a hardship visited upon the workman through no fault of his own. We respectfully suggest to the proper committee of the State Bar that appropriate legislation be recommended to the proper legislative body empowering the board to order one employer—if a dispute between two employers is involved—or one carrier—if a dispute between more than one carrier is involved—to begin benefit payments upon a referee's determination that the workman is entitled to some benefits and that such employer or insurance carrier would later be able to obtain indemnification from the other employer or insurance company if the paying employer or insurance company were to prevail finally upon appeal. We suggest that this is at least a step toward protecting the workman who must under present law and rules await the outcome of the dispute until his benefits start.

Reversed and decision of the hearing referee reinstated. Costs to appellant.

All concurred.