LUCAS v. FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—APPEAL AND ERROR—QUESTIONS RE-
VIEWABLE—AUTHORITY OF WIDOW TO FILE CLAIM FOR MOTHER-IN-
LAW.

Employer's claim that widow lacked authority to file claim for
workmen's compensation for her mother-in-law, a resident of
a foreign country, is not considered where disposition of case
on appeal does not require determination as to such claim.

2. SAME—STATUTES.

Proceedings to recover compensation under the workmen's com-
pensation act are purely statutory.

3. SAME—DEPENDENTS—DEATH AFTER 300 WEEKS.

Recovery of workmen's compensation by dependents for an un-
reported injury that resulted fatally upwards of 13 years after
accident would be barred by fact that death occurred after
expiration of 300 weeks from date of accident (2 Comp. Laws
1929, § 8421).

4. SAME—APPEAL TO SUPREME COURT.

The right of appeal from the department of labor and industry
to the Supreme Court is wholly statutory (2 Comp. Laws 1929,
§ 8451).

5. SAME—APPEAL TO SUPREME COURT—INTERLOCUTORY ORDERS.

Leave to appeal to Supreme Court from orders of department of
labor and industry granting petitions for modifying orders
entered by deputy commissioner and remanding dependents'
proceedings to recover workmen's compensation to him for
taking further testimony was improvidently granted in view
of statute limiting review to questions of law involved in any
final decision or determination of the department (2 Comp.
Laws 1929, § 8451).

6. SAME—LEAVE TO APPEAL—INTERLOCUTORY ORDER—COSTS.

No costs are allowed either party upon remand of case from
Supreme Court to department of labor and industry where
leave to appeal from an interlocutory order had been im-
providently granted (2 Comp. Laws 1929, § 8451).

Appeal from Department of Labor and Industry. Submitted June 4, 1941. (Docket No. 56, Calendar No. 41,479.)   Decided October 6, 1941.

Ethel Lucas presented separate claims of herself and minor children, and of Esther F. Lukacz, husband's mother, against Ford Motor Company for compensation for death of her husband resulting from an accident while in its employ. From orders remanding cases for further testimony, defendant appeals. Remanded for further proceedings.

*Charles A. Lorenzo,* for plaintiffs.

*Doelle, Starkey & Jones,* for defendant.

NORTH, J. This is an appeal by the employer from two orders of the department of labor and industry modifying orders entered by the deputy commissioner and remanding the proceedings to him for taking further testimony. On its review the department reversed the deputy's orders dismissing each of the petitions on the ground that in each instance an award of death benefits was barred since the petitions were filed more than 300 weeks after the date of the accident.

In September, 1923, Oscar L. Lucas, at that time an unmarried man employed by the defendant company, sustained a second degree caustic soda burn of his tongue. Defendant employer made no report of the accident which resulted in this injury although it arose out of and in the course of Lucas' employment. He received treatment for this injury on one or two occasions and thereupon was discharged from further treatment. He continued in defendant's employ until 1925, at which time he went to

the city of New York and there entered other employment. In March, 1937, he died as a result of cancer of the bronchial tubes; and for the purpose of decision it may be assumed testimony tending to establish a causal relation between the accident of September, 1923, and the death which occurred more than 13 years thereafter could be produced. After going to New York Lucas married the plaintiff, Ethel Lucas, September 1, 1928. Two children were born of this marriage, one in November, 1929, and one in September, 1934. In behalf of herself and two children the widow filed an application for adjustment of her claim of dependency compensation in February, 1939. In September, 1939, the widow filed a second application for adjustment of claim in behalf of Esther F. Lukacz, the mother of the deceased employee. Because it is not necessary to decision, we forego review of defendant's claim that there is a total lack of showing of authority on the part of the widow to file this petition in behalf of her mother-in-law, a resident of Hungary. No application for compensation was made in his lifetime by Lucas.

The first question raised by appellant is stated in its brief as follows:

"Did the department of labor and industry err in holding that the proceedings were not barred by reason of the fact that death occurred more than 300 weeks after the date of accident?"

Appellant contends that in so holding the department was in error. Proceedings under the workmen's compensation act are purely statutory. The applicable provision of the statute (2 Comp. Laws 1929, § 8421 [Stat. Ann. § 17.155]) provides for compensation "to the dependents of the employee * * * for a period of three hundred weeks from

the date of the injury." The identical question now under consideration was recently decided by us adversely to the claim of appellees in *Lambert* v. *City of Detroit,* 298 Mich. 268.

Appellees made no opposition in this Court to appellant's application for leave to appeal; but appellees now make the contention that this appeal is improper because it is from an interlocutory order of the department rather than from a final decision or determination. The right of appeal to this Court from the department of labor and industry is wholly statutory. The pertinent part of the governing statute provides: "The Supreme Court shall have power to review questions of law involved in *any final decision or determination* of said industrial accident board † * * * by certiorari, mandamus or by any other method permissible under the rules and practice of said court or the laws of this State, and to make such further orders in respect thereto as justice may require." 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186). In view of the restricted provisions of the statute we are of the opinion that under the circumstances here involved this appeal was improvidently allowed.

For the reason just above noted other questions raised by appellant should not be considered and passed upon on this appeal. However, in aid of the practical administration of law we have deemed it advisable to call attention to our recent decision in the *Lambert Case.* Because of the limitation of our statutory authority to review decisions of the department, we are of the opinion that we should do no more than to remand the case to the department of labor and industry for such further proceedings

---

† The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3). —Reporter.

therein as may be deemed proper and in accord with applicable law. It is so ordered but without costs to either party.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, STARR, WIEST, and BUTZEL, JJ., concurred.