BOGGETTA *v.* BURROUGHS CORPORATION.

1. WORKMEN'S COMPENSATION—CERTIORARI—PETITION FOR INTERROG-
ATORIES.

Application for leave to appeal from order of workmen's com-
pensation appeal board reversing referee's denial of plaintiff's
petition for interrogatories was improvidently entered, where
pertinent statute limits review by the Supreme Court to cer-
tiorari to review questions of law involved in any final decision
or determination of the appeal board and no final determination
had then been made (CL 1948, § 413.12).

2. SAME—HEARING REFEREE—INTERROGATORIES.

The workmen's compensation hearing referee has full authority
to require that defendant employer comply with request of
plaintiff, dependent widow of deceased employee for informa-
tion as to what kind of work decedent was doing when he
collapsed and died, names, addresses, and telephone numbers
of his coworkers and supervisors, and temperature and variance
therein of the place where deceased had been working (CL
1948, § 413.8; 1954 AC, § R 408.7).

CARR, C. J., and DETHMERS and KELLY, JJ., dissenting.

Appeal from Workmen's Compensation Appeal
Board.   Submitted October 2, 1962.   (Docket No.
3, Calendar No. 49,652.)   Decided December 31,
1962.

Velma Boggetta, widow of Martin Boggetta, filed
her claim against Burroughs Corporation for death
benefits.   On claimant's petition for interrogatories,

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 525.
[2] 58 Am Jur, Workmen's Compensation § 457.

᛫defendant was directed to furnish information as to identity of fellow workers and as to working conditions. Defendant appeals. Appeal dismissed.

*Rothe, Marston, Mazey, Sachs & O'Connell (B. M. Freid,* of counsel), for plaintiff.

*LeVasseur, Werner & Mitseff (Carl Mitseff,* of ᛫counsel), for defendant.

Black, J. I adopt the ensuing statement of facts from a memorandum submitted by Justice Kavanagh to other members of the Court under date of December 20, 1961. The memorandum was prepared for ᛫consideration by the Court of defendant's ᛫ then pending application for leave to appeal. It con᛫cluded with recommendation that the application be denied. The writer agreed then and agrees now with such recommendation.[*] The adopted facts:

"Martin Boggetta began work at 4 p.m., on August ᛫20, 1960, at defendant's Plymouth plant. At approximately 6 p.m., he collapsed. He was taken to a ᛫hospital and was pronounced dead on arrival.

"On December 5, 1960, a petition for dependency benefits was filed by the widow. On May 24, 1961, the widow filed a petition for interrogatories requesting that, pursuant to Rule No 7 of the rules of practice of the workmen's compensation department ᛫and the statutes of the State of Michigan, the defendant Burroughs Corporation be ordered to supply complete and correct answers to the following ques᛫tions:

"1. Type of work performed by Mr. Boggetta.

. "2. Type of work being done in August, 1960.

"3. Names, addresses and phone numbers of co᛫workers of Mr. Boggetta during August, 1960.

. [*] Justice Kavanagh's recommendation did not meet with majority approval. Accordingly, on December 28, 1961, the application was granted.

"4. Names and addresses of Mr. Boggetta's supervisors.

"5. Temperature and variance therein under which Mr. Boggetta was working in August of 1960."

The appeal board, reversing the hearing referee's denial of plaintiff's "petition for interrogatories," held as follows:

"The defendant should furnish the information requested. Nothing is asked which could conceivably prejudice the defendant. Nothing is asked which, if answered, would even tend to establish a case for or against either the plaintiff or defendant. All that is asked is for information which would enable the plaintiff widow to inquire into the facts which might or might not establish her rights to compensation. Without a chance to inquire she has nothing even though something may be there. The information necessary to a proper inquiry is peculiarly and possibly exclusively within the knowledge of the defendant. If plaintiff is not given such information she will not have had a reasonable opportunity to be heard.

"The defendant says that Rule No 7* of the workmen's compensation department's rules of practice does not provide for such interrogatories and that the plaintiff's petition, therefore, cannot be granted. Rule No 7 reads:

" 'At the hearing in any case, the hearing referee may call witnesses and order the production of books, records, including hospital records, accounts and papers which he deems necessary for the purpose of making an award.'

"Rule No 7 provides that the referee may do certain things but it does not say that he cannot do anything else. Rule No 7 was not intended as, and does not purport to be, an exclusive list of prerogatives of a hearing referee in a workmen's compensation proceedings.

---

* See 1954 AC, § R 408.7, p 4502.—REPORTER.

"Section 8, part 3 of the workmen's compensation law* provides that a referee assigned to any hearing 'shall make such inquiries and investigations as it (he) shall deem necessary.' This is broad general language consistent with the intent and purpose of the law and placing ultimate responsibility in the hearing officer to make such inquiries and investigations as may be necessary to determine whether or not an injured worker is entitled to benefits under the law. We do not believe the referee's responsibility to investigate is limited to personal detective work on his part. It is broad enough to require the answering of interrogatories requested by one of the parties if such answers are necessary to a proper inquiry into the facts."

As in *Lucas* v. *Ford Motor Co.*, 299 Mich 280, 283 (followed on this point in *Dodge* v. *General Motors Corp.*, 316 Mich 425, 429), this application for leave "was improvidently allowed." The reason is that the statute authorizes certiorari to review only "questions of law involved in any final decision or determination" of the appeal board (CL 1948, § 413.12 [Stat Ann 1960 Rev § 17.186]). For amplification, see the *Lucas Case* at 283. For that reason, also for reason that no court should assume to interfere with administration by the appointed administrators of this remedial act unless and until such administrators arrive at some reviewable decision of finality, I would dismiss the appeal and remand the record to the department for further proceedings. Plaintiff should have costs.

Since the issue did arrive here and is fully briefed, we may and probably should note agreement with the appeal board's view of the statutory authority of the workmen's compensation department. The hearing referee had full authority, by the statute quoted

---

* CL 1948, § 413.8 (Stat Ann 1960 Rev § 17.182).—REPORTER.

in the appeal board's ruling, to require that the defendant disgorge the requested information.

KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred with BLACK, J.

CARR, C. J. (*dissenting*). It is undisputed in this case that on August 20, 1960, Martin Boggetta was an employee of the defendant at its Plymouth plant. He began work at 4 o'clock in the afternoon on his regular shift, at approximately 6 o'clock he collapsed, was taken to a hospital, and his death occurred prior to his arrival there. Under date of December 5, 1960, his widow made application to the workmen's compensation department of the State for hearing and adjustment of claim for compensation resulting from a personal injury, or disablement for an occupational disease, on the date of death. The cause of such injury or disablement was stated as follows:

"Subjected to extreme heat, heavy lifting and unusual exertion."

Following the submission of the application counsel for Mrs. Boggetta filed a petition requesting that defendant employer be ordered, pursuant to Rule No 7* of the rules of the compensation department, to answer the following questions:

"1. Type of work performed by Mr. Boggetta.
"2. Type of work being done in August, 1960.
"3. Names, addresses and phone numbers of co-workers of Mr. Boggetta during August, 1960.
"4. Names and addresses of Mr. Boggetta's supervisors.
"5. Temperature and variance therein under which Mr. Boggetta was working in August of 1960."

* See 1954 AC, § R 408.7, p 4502.—REPORTER.

Defendant moved to dismiss the petition on the ground that there was no authority, either by statute or rule, therefor.  The matter came on for hearing before the referee to whom it was assigned, and the legal question at issue was argued at some length. The referee, in passing on the matter, called attention to the specific language of Rule No 7, which reads as follows:

"At the hearing in any case, the hearing referee may call witnesses and order the production of books, records, including hospital records, accounts and papers which he deems necessary for the purpose of making an award."

Pointing out that the information sought by counsel under their petition was designed to permit the making of a prima facie case, the referee concluded that it was unauthorized by the rule quoted.  He further expressed the opinion that the statement in the rule, "the hearing in any case", referred to a hearing on the merits of a claim, and that said rule provided for the submission of proofs before the referee with reference to the granting of an award.

From the order of the referee denying the plaintiff's petition an appeal was taken to the workmen's compensation appeal board, which disagreed with the referee's interpretation of Rule No 7 and held that authority granted the referee was broad enough to authorize the issuance of an order requiring the answering of interrogatories requested by 1 of the parties to the proceeding.  An order was entered accordingly, and, on leave granted, defendant has appealed.

In substance the question at issue is whether the statute,* or the rule purportedly adopted pursuant

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.*, as amended [Stat Ann 1960 Rev and Stat Ann 1961 Cum Supp § 17.141 *et seq.*]).

thereto, grants authority to the workmen's compensation department, or administrative officers thereof, to require either party to a proceeding of the nature here involved to answer written interrogatories submitted for the purpose of enabling the opposing party to prepare for the submission of proofs at the hearing on the merits. Under the statute and prior decisions of this Court the burden of establishing a claim for compensation rests upon one seeking the award. *La Duke* v. *Consumers Power Co.*, 299 Mich 625; *Amamotto* v. *J. Kozloff Fish Co.*, 317 Mich 641. It is obvious that if the defendant in such a proceeding may be required to make a discovery of the nature here sought at the request of the plaintiff, such requirement may also be imposed as to the latter. In other words, if the appeal board was correct in its decision the rule as so announced must work both ways. An order requiring a discovery, either by a court or by an administrative board, must be specifically authorized. Such power is not inherent in its nature. When resort thereto is permitted the procedure established for the protection of the parties must be observed.

It may not be claimed that the workmen's compensation act grants general authority to the administrative officials of the workmen's compensation department to make discovery orders, in advance of hearing, to permit either party, or both, to prepare therefor. Provision is made for certain limited discovery proceedings but not of the nature of the information sought to be obtained by the interrogatories involved in the instant proceeding. Part 2, § 19, of the act (CLS 1956, § 412.19 [Stat Ann 1960 Rev § 17.169]) authorizes a request by the employer, the insurer carrying the risk, or the commissioner of insurance, for an examination of the plaintiff by a physician or surgeon duly authorized to practice his profession under the laws of the State. It is

significant to note, however, that the section does not in terms contemplate an order by either the referee or the appeal board of the compensation department. Likewise, under section 11 of part 7 of the statute (CL 1948, § 417.11 [Stat Ann 1960 Rev § 17.230]), the plaintiff may be requested by the employer from whom compensation is sought to furnish a list of prior employers within a specified period. Said section does not purport to grant authority to either referee or appeal board with reference to the furnishing of such information.

The adoption of rules of the workmen's compensation department is provided for by part 3, § 3, of the act (CL 1948, § 413.3 [Stat Ann 1960 Rev § 17.176]), which reads as follows:

"The board may make rules not inconsistent with this act for carrying out the provisions of the act. Process and procedure under this act shall be as summary as reasonably may be. The board or any member thereof shall have the power to administer oaths, subpoena witnesses and to examine such parts of the books and records of the parties to a proceeding as relate to questions in dispute. Any witness who refuses to obey a subpoena of a member or deputy member of the board, or who refuses to be sworn or testify, or who fails to produce any papers, books or documents touching any matter under investigation, or any witness, party or attorney who is guilty of any contempt while in attendance at any hearing held under this act may be punished as for contempt of court; and for this purpose an application may be made to any circuit court within whose territorial jurisdiction the offense is committed, and for which purpose the court is hereby given jurisdiction."

It is apparent from the language of the above section that the legislature was referring to matters of procedure. The same comment may be made with

reference to section 8 of the part (CL 1948, § 413.8 [Stat Ann 1960 Rev § 17.182]) which deals with inquiries and investigations by the hearing referee. In neither section is any reference made to orders of discovery or to authority on the part of the administrative officers of the compensation department to compel either party to the proceeding to furnish to the other in response to written interrogatories information intended for use in preparing for hearing on the merits. The conclusion cannot be avoided that authority to make discovery orders for the purpose indicated is not granted by the statute. If Rule No 7 was intended to go beyond the purview of the compensation act it must be deemed, to such extent, inconsistent with the statute and therefore ineffective.

A reading of Rule No 7, above quoted, does not warrant the interpretation placed thereon by the appeal board. In terms it prescribes what the hearing referee may do in order to obtain competent and available proofs essential to the determination of the question as to the award to be entered. In the instant case the referee was right in concluding that the rule referred to what might be done at a hearing on the merits. *The language quoted may not be extended beyond its obvious scope.* The authority granted to the referee with reference to calling witnesses and requiring the production of record proofs establishes beyond question that the purpose sought to be accomplished was to enable the hearing referee to perform his duties in a thorough manner, as contemplated by the statute, rather than to furnish a means for assisting either party to the controversy to better prepare for hearing. It appears that the rule was adopted in the light of the express authority granted by the statute under part 3, § 3 thereof, above cited. We may not read

into the specific authority granted the right to make orders of the nature here involved for the benefit of 1 or both of the parties to the case for the purpose of rendering assistance in preparation for. hearing. We are in accord with the interpretation placed on the rule by the referee.

Counsel for plaintiff argued before the referee, and presumably likewise before the appeal board, that procuring of the information sought by the interrogatories was necessary in order to enable her to prepare her case for hearing and submission. Apparently the board gave consideration to such claim. It does not appear, however, that plaintiff and her counsel were completely uninformed as to what had occurred. The application for hearing and adjustment of claim filed with the workmen's compensation department indicated that plaintiff knew for whom her husband was working at the time of disability, and the cause of his collapse, to which her counsel have referred in their brief. From some source information had been received that the heat, heavy lifting, and unusual exertion were responsible for the death. What efforts may have been made to obtain additional information in detail are not shown. As emphasized by defendant, witnesses can be subpoenaed to attend the hearing, and the production of records thereat may be required. Plaintiff is not left without remedy in the premises.

As before noted, leave to appeal from the order of the appeal board overruling the action of the referee was granted by this Court. A denial of the right to review the matter would obviously have resulted in defendant being required to answer the interrogatories. The situation was such that a review of the award would be of no avail. The action of the board would in such case have been final. It must be borne in mind in this connection that this

Court under article 7, § 4, of the State Constitution (1908) has the power to issue original and remedial writs, including the writ of certiorari. The appeal granted in the instant case pursuant to application made under the statute was for review in the nature of certiorari, and thereunder the Court should pass on the legal question presented to it.

It may be noted in this connection that in many cases in which applications for appeal here have been made from orders of circuit courts throughout the State granting discovery orders leave has been granted whenever it appeared that a serious question was at issue. In the exercise of its authority this Court should follow a like course in the instant case. Leave to appeal was properly granted. It is significant to note that in *Lucas* v. *Ford Motor Co.,* 299 Mich 280, the Court, after referring to the procedure for appeal specified in the statute and expressing the opinion that such appeal was improvidently allowed, nonetheless passed on the basic question submitted, holding that the proceeding before the department was barred by reason of the fact that death of the employee occurred more than 300 weeks after the accident. It may be observed further with reference to such case that the issue so determined might have been raised on review of a final order. As before noted, such is not the practical situation in the case at bar. *Dodge* v. *General Motors Corp.,* 316 Mich 425, in which it was held that the appeal board had exceeded its authority in granting leave to take a delayed appeal from the action of the referee, also involved a different factual situation than is here presented. The question at issue there was decided on the merits.

The workmen's compensation appeal board was in error in overruling the action of the referee. The case should be remanded to said board with

directions to set aside its order, and for further proceedings.

DETHMERS and KELLY, JJ., concurred with CARR, C. J.