HARPER HOSPITAL EMPLOYEES' UNION LOCAL NO. 1
*v.*
HARPER HOSPITAL

1. APPEAL AND ERROR—ADMINISTRATIVE LAW—INTERLOCUTORY ORDER.

Interlocutory orders, while not generally reviewable when made, are reviewable once the agency issues its final order in an appeal on the merits of the order.

2. APPEAL AND ERROR—LABOR RELATIONS—INTERLOCUTORY ORDER—IMPROVIDENT LEAVE.

Leave to appeal an interlocutory order of the labor mediation board directing its trial examiner to reopen the record to receive further testimony was improvidently granted because (1) the statute provides for appeals by an aggrieved party from a final order and (2) courts ought not interfere with administration of a remedial act by the appointed administrators until the administrators arrive at a reviewable final decision (MCLA § 423.23).

Appeal from Michigan Labor Mediation Board. Submitted Division 1 June 8, 1970, at Detroit. (Docket No. 7,945.) Decided August 3, 1970.

Complaint by Harper Hospital Employees' Union, Local No. 1 against Harper Hospital for unfair labor practice. Defendant appeals, by leave granted, an order reopening the record for additional evidence. Dismissed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law § 590.
[1, 2] 48 Am Jur 2d, Labor and Labor Relations § 1186 *et seq.*
[2] 2 Am Jur 2d, Administrative Law § 592.

*Rothe, Marston, Mazey, Sachs & O'Connell,* for plaintiff, Harper Hospital Employees' Union, Local No. 1.

*Keller, Thoma, McManus & Keller,* for defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for appellee Michigan Employment Relations Commission.

Before: Holbrook, P. J., and R. B. Burns and O'Hara,* JJ.

Per Curiam. This case comes to the Court by leave granted to review an interlocutory order of the Michigan Labor Mediation Board** reopening the record of the cause for the purpose of receiving new evidence.

In the instant matter, Marzet Williams was forced to resign from his job with appellant, Harper Hospital. Williams' union, appellee, filed an unfair labor practice charge against the hospital alleging that Mr. Williams was discharged because he was a "union adherent". The hospital denied this allegation contending that Williams was discharged for theft.

The trial examiner on April 23, 1969 issued his report which recommended that the charge be dismissed. In his report he found that the hospital discharged Williams for theft and that the hospital was not motivated in that action by his union activities. This latter conclusion was in part based upon

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.
** Now the Michigan Employment Relations Commission (MERC).
—Reporter.

the findings that the hospital's knowledge of Williams' union activities was "in doubt".

The union next requested the board to reopen the record to allow Mr. Richard Rhinehart, a witness who had testified at the hearing, to give further testimony. This witness had testified previously that he did not tell anyone that Marzet Williams had handed him a union application. Mr. Rhinehart wishes to testify that he now remembers telling two hospital administrators that he signed a union application card.

On July 30, 1969, the Labor Mediation Board issued an order directing the trial examiner to reopen the record to receive the further testimony of Mr. Rhinehart. The appellant asked for leave to appeal to this Court for the purpose of reviewing that order which was granted.

The rules governing the board's actions and the rules governing review by this Court of decisions of the Labor Mediation Board are provided for in PA 1939, No 176, as amended by PA 1965, No 282, MCLA § 423.1 *et seq.* (Stat Ann 1968 Rev § 17.454[1] *et seq.*). The applicable portions of that act to the case at bar are set out in § 23 as follows:

"(c) The testimony taken by the member, agent or the board shall be reduced to writing and filed with the board. Thereafter the board upon notice *may take further testimony* or hear argument.

＊          ＊          ＊

"(f) Any person aggrieved by *a final order* of the board granting or denying in whole or in part the relief sought may obtain a review of such order in the court of appeals." (Emphasis supplied.)

The MERC's brief points out that the objections raised by Harper Hospital to this interlocutory order by the commission may be raised before this

Court in an appeal from a final order of the commission. The commission has not made a final decision in this action and until they do so, Harper Hospital should not be allowed to invoke the jurisdiction of this Court. This question of whether the commission should have remanded the case to the trial examiner would be a proper subject for review once the final order is issued and therefore a review of that question at this stage should be dismissed.

The other appellee (Harper Hospital Employees' Union No 1) points out that the presumption is that the commission as trier of fact will not abuse its responsibilities and that no determination of whether any prejudice from this order will inure to appellant can be made until the trial examiner hears the evidence and the commission issues a final order. For these reasons, an appeal at this stage of the proceedings should be dismissed.

While the question of whether or not to review interlocutory orders has not often come up, with reference to labor mediation cases, it has been discussed in workmen's compensation cases which are applicable to the instant case by analogy. In *Lucas* v. *Ford Motor Co.* (1941), 299 Mich 280, the Michigan Supreme Court noted that the right to appeal from the Department of Labor and Industry was wholly statutory and that the statute did not allow an appeal from an interlocutory order. The Court stated at p 283:

"Appellees made no opposition in this Court to appellant's application for leave to appeal; but appellees now make the contention that this appeal is improper because it is from an interlocutory order of the department rather than from a final decision or determination. The right of appeal to this Court from the department of labor and industry is wholly statutory. The pertinent part of the governing

statute provides: 'The Supreme Court shall have power to review questions of law involved in *any final decision or determination* of said industrial accident board * * * by certiorari, mandamus or by any other method permissible under the rules and practice of said court or the laws of this State, and to make such further orders in respect thereto as justice may require.' 2 Comp. Laws 1929, § 8451 (Stat Ann § 17.186). In view of the restricted provisions of the statute we are of the opinion that under the circumstances here involved this appeal was improvidently allowed." [Emphasis in *Lucas*.]

In *Boggetta v. Burroughs Corporation* (1962), 368 Mich 600, Justice BLACK writing for the Court, and quoting from a memo of Justice T. M. KAVANAGH's on the question of leave, reaffirmed the *Lucas* rationale and also gave another substantive reason why interlocutory orders of a commission should not be reviewed. He declared at p 603:

"As in *Lucas* v. *Ford Motor Co.* [1941], 299 Mich 280, 283 (followed on this point in *Dodge* v. *General Motors Corp.* [1947], 316 Mich 425, 429), this application for leave 'was improvidently allowed.' The reason is that the statute authorizes certiorari to review only 'questions of law involved in any final decision or determination' of the appeal board (CL 1948, § 413.12 [Stat Ann 1960 Rev § 17.186]). For amplification, see the *Lucas Case* at 283. For that reason, also for reason that no court should assume to interfere with administration by the appointed administrators of this remedial act unless and until such administrators arrive at some reviewable decision of finality, I would dismiss the appeal and remand the record to the department for further proceedings."

Interlocutory orders, while not generally reviewable when made, are reviewable once the agency

issues its final order in an appeal on the merits of that order.

In accord with the *Lucas* and *Boggetta* cases, *supra,* we now determine that this appeal was improvidently granted; and we, therefore, dismiss this appeal and remand to the department for further proceedings, but without costs to either party.