## WILLIAMS v LANG

Docket No. 59443. Argued April 11, 1978 (Calendar No. 3).—Decided
    January 5, 1979.

Bobby V. Williams claimed workmen's compensation benefits for
    injuries he sustained in an automobile accident while he was
    test-driving an automobile after repairing its transmission at
    Lang's Gulf Service station in Battle Creek. The plaintiff's
    memory was apparently impaired by the accident but he testi-
    fied that he had been employed by Hansell Lang, who was a
    "contract dealer" for Gulf Oil Company and who disappeared
    shortly after plaintiff's accident. The plaintiff's claim was also
    against Dewey Gregory, doing business as Dewey's Automatic
    Transmission at Lang's Gulf Service, and his insurer, United
    States Fidelity and Guaranty Company; and against Bole Oil
    Company, and its insurer, State Farm Fire & Casualty Com-
    pany, as "statutory" employer; and against Gulf Oil Corpora-
    tion, and its insurer, Travelers Insurance Company, as "statu-
    tory" employer. Bole Oil Company distributed Gulf products on
    consignment. A "statutory" employer is a principal who is
    liable as an employer under the Worker's Disability Compensa-
    tion Act to employees of a contractor or subcontractor under
    certain conditions. The defendants contended that plaintiff and
    Lang were partners in a transmission and auto repair business.
    The Workmen's Compensation Appeal Board dismissed the
    claim against defendants Lang and Gregory without prejudice,
    finding that "there is insufficient evidence from which to draw
    reasonable inferences" as to the plaintiff's employment rela-
    tionships. The Court of Appeals, D. C. Riley, P.J., and J. H.
    Gillis and R. M. Maher, JJ., denied leave to appeal (Docket No.
    30727). Plaintiff appeals. *Held:*

The Workmen's Compensation Appeal Board adopted the
    referee's conclusions that the claim for workmen's compensa-

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 82 Am Jur 2d, Workmen's Compensation §§ 496, 533, 587.
[2] 82 Am Jur 2d, Workmen's Compensation § 631.
[3] 82 Am Jur 2d, Workmen's Compensation §§ 613, 615, 630, 631.
[4] 82 Am Jur 2d, Workmen's Compensation §§ 584, 587.
[5] 82 Am Jur 2d, Workmen's Compensation § 638.

tion should be dismissed as to Bole and Gulf with prejudice and as to Lang and Dewey's without prejudice. However, it does not appear to have adopted the referee's finding that the relationship between Lang and the plaintiff could not be determined. The statements in the Workmen's Compensation Appeal Board's opinion concerning "insufficient evidence" are in the context of whether Dewey's Automatic Transmission was responsible as an employer, not whether Lang was so responsible. The opinion made no reference whatsoever to any of the evidence concerning the relationship between the plaintiff and Lang. It, therefore, does not appear that the Workmen's Compensation Appeal Board considered the evidence bearing on their relationship or made any determination as to its sufficiency or a finding in that regard, apparently because, having decided that Bole and Gulf were not statutory employers, it saw no need to go on to decide whether the plaintiff was an employee of Lang, who was absent and uninsured. However, the grant of leave to appeal indicates that the Supreme Court may take a view of the law different than that of the board, and therefore Bole or Gulf may be "statutory" employers liable to pay compensation to the plaintiff if it were determined that Lang had employed him. The question whether the plaintiff is an employee of Lang may be determinative, there is evidence in the testimony of the plaintiff and his wife from which the Workmen's Compensation Appeal Board could find that he was Lang's employee, and it does not appear that the Workmen's Compensation Appeal Board decided that the evidence is insufficient to support such a determination.

The order of the Workmen's Compensation Appeal Board is vacated and remanded to it for further findings. Jurisdiction is retained.

Justice Ryan, concurring, agreed that the Workmen's Compensation Appeal Board made no determination on the essential issue of the employment relationship between Lang and Williams. It did consider the evidence and concluded nevertheless that no determination would be made. He wrote separately because he did not subscribe to speculation concerning the probative value of the testimony of Mrs. Williams or other witnesses, what the grant of leave to appeal indicates, or whether the Court may take a view of the law different than reflected in the decision of the board. The Workmen's Compensation Appeal Board may not properly refuse the statutory mandate to make a determination on a critical issue of fact. Board members must clearly articulate the legal standards employed and the basis for any reasonable inferences drawn

from the facts. Without such specificity, the Court's responsibility to provide meaningful review of a final order of the Workmen's Compensation Appeal Board cannot be discharged. Without determining the principal employment relationship, consideration of the plaintiff's claim under the "statutory" employer provision is premature. The plaintiff should be allowed on remand to present any additional evidence on the issue that has arisen in the interim.

Justice Fitzgerald, joined by Justice Coleman, dissented:

1. A finding that the evidence on the record was insufficient to permit an inference of employment is a finding of fact, and thus is conclusive. Conflicting testimony on plaintiff's employment relationship or relationships was introduced. To rebut plaintiff's proofs that he was an employee, defendants offered into evidence facts tending to prove that plaintiff was Hansell Lang's partner. It is not the function of the courts to weigh conflicting evidence in order to determine that one side or the other preponderates in a case where the Workmen's Compensation Appeal Board could not make the determination. This is not a case in which the Court is unable to determine what facts the Workmen's Compensation Appeal Board considered in reaching its conclusion. The board considered plaintiff's testimony and found him "amnesiac". The board considered Hansell Lang a missing "material witness", apparently believing Lang, rather than his father, could best explain his and Williams' relationship. The board found Dewey Gregory's testimony "totally self-contradictory".

2. Since on this record the Workmen's Compensation Appeal Board did not find plaintiff an employee of either Hansell Lang or Dewey Gregory, it should not have considered the liability of either Gulf Oil Company or Bole Oil Company as "statutory" employers. The decision of the Workmen's Compensation Appeal Board as to Gulf and Bole should be vacated, and the board directed to dismiss the case as to Gulf and Bole. The decision to dismiss plaintiff's case as to Hansell Lang and Dewey Gregory should be affirmed.

### OPINION OF THE COURT

1. WORKMEN'S COMPENSATION — EMPLOYMENT RELATION — "STATUTORY" EMPLOYERS — PRINCIPAL AND AGENT.

The Supreme Court cannot reach the question whether a principal is liable as a "statutory" employer of a workers' compensation claimant obliged to pay compensation because of its relationship with a contractor who was not insured and had not otherwise complied with the Worker's Disability Compensation

Act where the Workmen's Compensation Appeal Board has not determined whether the claimant was an employee of the principal's contractor, or considered the sufficiency of the evidence in that regard (MCL 418.171; MSA 17.237[171]).

CONCURRING OPINION BY RYAN, J.

2. WORKMEN'S COMPENSATION — FINDINGS OF FACT.

*The Workmen's Compensation Appeal Board, as the body designated to review orders of the Workmen's Compensation Bureau entered on claims of compensation benefits, cannot escape a statutory mandate directed to the bureau to make a determination on a critical issue of fact (MCL 418.841; MSA 17.237[841]).*

3. WORKMEN'S COMPENSATION — FINDINGS OF FACT — APPEAL AND ERROR.

*Appellate courts cannot discharge their responsibility to review a final order of the Workmen's Compensation Appeal Board unless the board members make findings regarding all critical or crucial facts and clearly articulate the legal standards employed and the basis for any reasonable inferences drawn from the facts (MCL 418.261[2], 418.861; MSA 17.237[261][2], 17.237[861]).*

DISSENTING OPINION BY FITZGERALD, J.

4. WORKMEN'S COMPENSATION — FINDINGS OF FACT — EMPLOYMENT RELATION — APPEAL AND ERROR.

*A finding of the Workmen's Compensation Appeal Board that the evidence on the record was insufficient to permit an inference of employment is a finding of fact, and thus is conclusive, where there was conflicting testimony on a claimant's employment relationships (MCL 418.861; MSA 17.237[861]).*

5. WORKMEN'S COMPENSATION — FINDINGS OF FACT — APPEAL AND ERROR.

*It is not the function of the Supreme Court to weigh conflicting evidence in order to determine that one side or the other preponderates in a case where the Workmen's Compensation Appeal Board could not make the determination (MCL 418.861; MSA 17.237[861]).*

6. WORKMEN'S COMPENSATION — EMPLOYMENT RELATION — "STATUTORY" EMPLOYERS — PRINCIPAL AND AGENT.

*The Workmen's Compensation Appeal Board should not have considered the liability of a principal as a "statutory" employer*

of a claimant where the Workmen's Compensation Appeal Board did not find the claimant an employee of the principal's contractor, under the terms of the statute (MCL 418.171; MSA 17.237[171]).

*Anthony M. Calderone* for plaintiff.

*Richard Craig* (by *Kenneth J. DeVries*) for defendants Bole Oil Company and State Farm Fire & Casualty Company.

*Lilly, Piatt, Doyle & Kragt* for defendants Gulf Oil Corporation and Travelers Insurance Company.

*John A. Scott* for defendants Dewey's Automatic Transmission and United States Fidelity and Guaranty Company.

LEVIN, J. It has not been determined whether Bobby V. Williams was an employee of Hansell Lang, doing business as Lang's Gulf Service, and therefore we cannot reach the question on which leave to appeal was granted of whether Gulf Oil Company or Bole Oil Company, a Gulf distributor, is a statutory employer obliged to pay compensation because of their relationship with Lang who was not insured and had not otherwise complied with the workers' compensation act.[1]

We do not read the opinion or order of the Worker's Compensation Appeal Board as a finding or determination that there was insufficient evidence that Williams was an employee of Lang. Rather, it left that issue undecided. We remand to the WCAB for a finding on that issue, retaining jurisdiction.

Williams was severely injured while working out

---

[1] 1948 CL 411.10; now MCL 418.171; MSA 17.237(171).

of Lang's service station. He claimed that he was employed by Lang, who had disappeared and was not available to give testimony, and that Bole and Gulf were statutory employers required to pay him compensation because, while he was so employed by Lang, he was engaged in the execution of work for one or both contracted out by them to Lang. Alternatively, he claimed he was employed by D. C. Gregory of Dewey's Automatic Transmission.

The referee and WCAB view of the facts and case law was that Bole and Gulf were not statutory employers. They also concluded that there was insufficient evidence that Dewey's Automatic Transmission, individually or in partnership with Lang, had employed Williams.

While the referee found that the testimony of Williams' wife did not "fill the void" and that he could not "determine the relationship between Lang and" Williams,[2] the WCAB did not in terms adopt that finding.[3] The statements in the control-

---

[2] The referee had further found that Williams "by reason of his injury, has lost his memory of events preceding the injury. The wife's testimony does not fill the void. There is no way that I can determine the relationship between Lang and the plaintiff".

The referee indicated that while Dewey had testified, he was not wholly satisfied. "The only persons who could rebut his testimony are Lang and [Williams]. We can't excuse Lang but [Williams] is the one who would be prejudiced by final action."

The referee decided that the appropriate course of action was to dismiss the cause against Bole and Gulf on the ground that they were not responsible as statutory employers, but to qualify the dismissals as to Lang and Dewey's as without prejudice, thereby it appears, seeking to preserve to Williams an opportunity to reassert claims against them should he obtain further evidence. The WCAB agreed with that assessment.

[3] The referee's finding was quoted by the WCAB, but in terms and context that was a recital of the background, not a decision on the merits. The affirmance of the referee's result and decision does not constitute an adoption of his findings. In the instant case two of the five members indicated that while they were not prepared to find that Williams was an employee of Lang, they were inclined on the evidence at hand to so conclude. The majority did not advert at all to what could prove to be the critical factual issue.

ling WCAB opinion that "there is insufficient evidence from which to draw reasonable inferences" and that the "evidence before us is insufficient for the drawing of even reasonable inferences much less is it sufficient for *such* findings [emphasis supplied]" are in the context of whether Dewey's was responsible as an employer, not whether Lang was so responsible.[4]

In a word, while the WCAB adopted the referee's conclusions that the cause should be dismissed as to Bole and Gulf with prejudice and as to Lang and Dewey's without prejudice,[5] it does not appear to have adopted the referee's finding that the relationship between Lang and Williams could not be determined.

The controlling WCAB opinion made no refer-

---

[4] The controlling WCAB opinion stated:

"I respectfully submit that 'at most' much more could be found than that 'plaintiff may have been the employee of Hansell Lang'. The referee, with sufficient evidence before him, made a determination that neither Gulf nor Bole have any responsibility to plaintiff. I agree with this determination and would affirm it. However, with an amnesic plaintiff, a missing defendant who happens to be a material witness, and a material witness who is also a defendant but whose testimony is totally self-contradictory (Member Oldstrom calls it 'not unsurprisingly vague' yet bases crucial findings upon it [see testimony recorded on page 8 of the transcript of Mr. Gregory's deposition taken February 9, 1972, and his testimony recorded on pages 228-29 of the transcript of the September 19, 1972, hearing]). We are confronted not only with that which I in confidence call a unique situation but we are also in a situation in which there is insufficient evidence from which to draw reasonable inferences."

"In the instant case, such an assumption would be *contra* the express words of the referee, words other than 'without prejudice' by which he has conveyed his intent to determine only the liability of Gulf and Bole. In my opinion we too should clearly circumscribe the area to which our determination is confined. Other than consideration of the evidence relating to plaintiff's claims against Gulf and Bole, I have made no additional evaluation except to satisfy myself of the insufficiency of evidence from which to draw reasonable inferences. As I would not make a determination that Dewey's Automatic Transmission did not employ plaintiff, as Member Oldstrom has determined, so I would not make a determination that Dewey's Automatic Transmission did employ plaintiff, as Gulf urges at appeal. The evidence before us is insufficient for the drawing of even reasonable inferences much less is it sufficient for such findings."

[5] See fn 2, *supra.*

ence whatsoever to any of the evidence concerning the relationship between Williams and Lang.[6] It, therefore, does not appear that the WCAB considered the evidence bearing on their relationship or made any determination as to its sufficiency or a finding in that regard.

The WCAB's failure to find whether Williams was an employee of Lang is understandable in light of its conclusion that Bole and Gulf were not responsible as statutory employers. Having so concluded and Lang being uninsured and absent, the WCAB apparently saw no need to go on to decide whether Williams was an employee of Lang. We often similarly avoid decision regarding questions, factual and legal, that no longer appear pertinent to the dispute.

The minority, two of the five sitting members of the WCAB, indicated that they were inclined to find that Williams was employed by Lang.[7] The

---

[6] The troublesome question for the WCAB was whether Dewey's, apparently insured, was Williams employer. The difference between the majority and minority of the WCAB concerned the treatment of the case against Dewey's, not the case against the absent and uninsured Lang. Both the majority and minority opinions adverted to the evidence concerning the relationship with Dewey's. The majority made its own explicit finding, implicit in the referee's findings, that the record was insufficient to permit a finding that Dewey's was an employer of Williams.

[7] The minority opinion states:

"What slight evidence there is tends to indicate that plaintiff was an employee of Lang who handled all business affairs at the station, including making weekly payments of wages to plaintiff. Note should be made of the fact that Lang also *hired* somebody to help plaintiff in the transmission end as Robert Lang testified. Apparently, Hansell Lang even made deductions from plaintiff's pay based upon the rates of deduction at Aamco Transmission when he worked for Aamco as an employee. Further, at one point during the summer, plaintiff quit the Lang operation for three weeks and then returned. This type of behavior is reasonably to be expected from employees and not from partners. From the evidence, we conclude that the relationship of master-servant existed between Lang and plaintiff for the reasons that Lang seems to have been responsible for the selection of plaintiff, he paid plaintiff wages, retained the power to dismiss the plaintiff (which is inferred from plaintiff's termination of employment with

testimony of Williams' wife as well as of the amnesiac Williams lends support to such a finding. Also, there is some corroborative testimony of other witnesses.

We granted leave to appeal to consider whether Bole or Gulf, or both, are statutory employers, *i.e.,* whether Lang, who sold Gulf products under the name "Gulf", had contracted "for the execution" "of the whole or any part of any work undertaken by" Bole or Gulf so that one or both are liable to Williams as a person "employed in the execution of the work". Our grant of leave indicates that we may take a view of the law different than reflected in the decision of the WCAB. Therefore, Bole or Gulf may be statutory employers liable to pay compensation to Williams if it were determined that Lang had employed him.

Since the question whether Williams is an employee of Lang may be determinative, and there is evidence from which the WCAB could find that he was, and it does not appear that the WCAB decided that the evidence is insufficient to support such a determination, we vacate the order of the WCAB and remand to it for further findings, retaining jurisdiction.

---

Lang in the summer and Lang's hiring of a person to help plaintiff) and controlled plaintiff's conduct which appears from Lang's involvement with Pierce in negotiating the contract for the transmission repair with him. 53 Am Jur 2d, Master and Servant, § 1."

\* \* \*

"In summary, we conclude as follows: Plaintiff has been injured and is without remedy under the act until Lang can be found. Lang and plaintiff were not partners in the transmission business and neither Bole, Gulf, nor D. C. Gregory (Dewey's Automatic Transmission) were actual or statutory employers of plaintiff under MCL 411.10; MSA 17.150. At most, plaintiff may have been the employee of Hansell Lang. However, such determination must await further proceedings once Lang is found. Likewise, the question of whether Lang was subject to the act must await further proceedings upon his appearance."

Kavanagh, C.J., and Williams and Blair
Moody, Jr., JJ., concurred with Levin, J.

Ryan, J. *(concurring)*. I agree with Justice Levin
that the Workmen's Compensation Appeal Board
made no determination on the essential issue of an
employment relationship between Hansell Lang
and Bobby V. Williams. In my view, however, the
board did indeed consider the evidence bearing
upon the relationship between Lang and Williams
and concluded nevertheless that no determination
would be made whether an employment relation-
ship existed.

I write separately for the further reason that I
do not wish to be understood as subscribing to the
speculation of my colleagues concerning the proba-
tive value of the testimony of Mrs. Williams and
"other witnesses", what our grant of leave indi-
cates or whether "we may take a view of the law
different than reflected in the decision of the
WCAB".

The appropriate question before the Court then
is whether the Workmen's Compensation Appeal
Board may properly refuse to make a determina-
tion on a critical issue of fact. The answer is
axiomatic. As the body designated to review
worker compensation bureau orders entered on
claims of compensation, the board cannot escape a
statutory mandate directed to the bureau. The
Legislature has specifically provided that "[a]ny
controversy concerning compensation shall be sub-
mitted to the bureau and all questions arising
under this act shall be determined by the bureau".
MCL 418.841; MSA 17.237(841). This directive is of
equal application to the board.

In the case before us, the board made it per-
fectly clear that it made no finding one way or the

other on the evidence presented concerning the
principal employment relationship.

This Court's unanimous decision in *Aquilina v
General Motors Corp,* 403 Mich 206; 267 NW2d
923 (1978), is indicative of our insistence that the
Workmen's Compensation Appeal Board make
findings regarding all critical or crucial facts.
Board members must clearly articulate the legal
standards employed and the basis for any reasona-
ble inferences drawn from the facts. Without such
specificity, this Court's responsibility to provide
meaningful review of a final order of the board
cannot be discharged.

The board improperly failed to resolve a critical
issue of fact. Without determining the principal
employment relationship, consideration of Wil-
liams' claim under the statutory employer section
is premature. The board is well aware of the
burden of proof the claimant must bear and of its
ability to draw reasonable inferences from estab-
lished facts. I am confident the board can make a
final determination with these principles in mind.
I would remand the case to the appeal board to
enable it to do so.

Claimant should be allowed to present the board
with any additional evidence that has arisen in
the interim.

FITZGERALD, J. This case involves an analysis of
the record made at a hearing before a workers'
compensation hearing referee and of a Workmen's
Compensation Appeal Board opinion. Because we
believe our decision in this case turns solely on the
facts, a lengthy exposition of the facts is necessary.

Plaintiff Bobby V. Williams filed a claim for
workers' compensation benefits for total and per-

manent disability[1] resulting from injuries sustained in an automobile accident on November 29, 1968. Plaintiff alleged that he had repaired the transmission on an automobile owned by Robert E. Pierce, while employed by Hansell Lang, doing business as Lang's Gulf Service, or by Dewey Gregory, doing business as Dewey's Automatic Transmission, also located at the Gulf station in Battle Creek. It was while test-driving Pierce's automobile that Williams was injured.

Williams' claim was filed against Hansell Lang as direct employer; Dewey Gregory and his insurer, United States Fidelity and Guaranty Company, as direct employer or "statutory" employer; Bole Oil Company (Bole), and its insurer, State Farm Fire & Casualty Company, as "statutory" employer; and Gulf Oil Corporation (Gulf), and its insurer, Travelers Insurance Company, as "statutory" employer.

A hearing was held on September 18 and 19, 1972. Plaintiff, described in a deposition by his neurosurgeon as nervous and mentally dull, remembered nothing of his accident. He did remember, of his own knowledge, that he was employed by Lang, was not Lang's partner, and that his gross pay was $200 a week. His net pay was $156 per week. He received a $150 check and a $6 tank of gas. When defendants attempted to impeach plaintiff's testimony with earlier deposition testimony, plaintiff had no recollection of a deposition having been taken.

Williams' wife testified that she had cashed about five of plaintiff's checks and had seen her husband "working" at the station. She did not know of any business arrangement between Lang and her husband.

---

[1] Plaintiff claimed he had sustained a severe skull fracture, loss of industrial use of arms and legs and severe brain damage.

An employee of the bank at which Lang had a checking account entitled "Lang's Gulf Service" testified that the account showed two checks for $150 between July 1968 and December 1968 (roughly the period during which Lang operated the Gulf station).

Defendants contended that plaintiff and Lang were partners in a transmission and auto repair business. Hansell Lang's father testified that he had overheard his son and Bobby Williams discuss, a few days before the station opened, an agreement that Lang and Williams would go 50-50 on a transmission and mechanical repair business, but that nothing was mentioned as to gas and oil. Lang's father did not know whether the agreement was actually carried out.

According to testimony, Hansell Lang had listed, on plaintiff's hospital admission form, Williams' occupation as owner of Dewey's Transmission Service. Lang disappeared shortly after the accident and has not yet been located. Several witnesses testified that the Gulf station had two telephones with different numbers. Some witnesses had seen a "Dewey's Transmission" sign in the station window. Pierce said he had telephoned "Dewey's Transmission", as listed in the yellow pages, and was directed to the Gulf station. Testimony showed that plaintiff had worked at Dewey's Transmission at another location before 1968. Dewey Gregory, owner of the transmission business, stated in a February 1972 deposition that he had cancelled his business telephone when he left Battle Creek in 1966 and that he did not know that the name "Dewey's Transmission" or his former telephone number were used at Lang's· Gulf Service. At the hearing, Gregory testified that he had given Williams and Lang permission to use

his telephone number at the Gulf station and that he had probably sold plaintiff some transmission parts in June 1968.

Testimony showed that Bole distributed Gulf products on consignment, and that Lang was a "contract dealer" for Gulf. As a contract dealer, Lang leased the station and realty from a private individual while he leased gas pumps, lights and a "Gulf" sign from Gulf for $1 per year. Lang contracted with Gulf for a supply of Gulf products and Gulf's credit card program was made available to him. Additional testimony on the control Gulf had over Lang's operation was presented.

From the testimony, the hearing referee concluded as follows:

"Except for plaintiff's injury and disability the only thing certain in this case is that there was no principal-subcontractor relationship between either Gulf Oil Company or Bole Oil Company and Hansell Lang d/b/a Lang's Gulf Service. Furthermore neither of these companies had any authority or control over the management of Lang's business. There is no liability on the part of either of these defendants for the payment of compensation benefits in this matter.

"The case against Hansell Lang presents serious factual problems. Lang disappeared shortly after the injury and hasn't been found since. The plaintiff, by reason of his injury, has lost his memory of events preceding the injury. The wife's testimony does not fill the void. There is no way that I can determine the relationship between Lang and the plaintiff. The case against Lang is dismissed without prejudice.

"The case against Dewey presents the same problem except that Dewey was present and testified. The only persons who could rebut the testimony are Lang and the plaintiff. We can't excuse Lang but the plaintiff is the one who would be prejudiced by final action. Therefore I am also dismissing the case against Dewey without prejudice."

On appeal to the Workmen's Compensation Appeal Board (WCAB), in a 1976 opinion, all five WCAB members determined that Gulf and Bole were not liable for workers' compensation payments. The two dissenting members found "a failure of proof that a partnership existed between Lang and plaintiff" and that "[w]hat slight evidence there is tends to indicate that plaintiff was an employee of Lang". The dissenters found plaintiff not to be employed by Dewey Gregory.

The three-member controlling opinion found the following on plaintiff's employment relationship:

"I respectfully submit that 'at most' much more could be found than that 'plaintiff may have been the employee of Hansell Lang.' The referee with sufficient evidence before him, made a determination that neither Gulf nor Bole have any responsibility to plaintiff. I agree with this determination and would affirm it. However, with an amnesiac plaintiff, a missing defendant who happens to be a material witness, and a material witness who is also a defendant but whose testimony is totally self-contradictory * * * [w]e are confronted not only with that which I in confidence call a unique situation but we are also in a situation in which there is insufficient evidence from which to draw reasonable inferences.

* * *

"In my opinion we too should clearly circumscribe the area to which our determination is confined. Other than consideration of the evidence relating to plaintiff's claims against Gulf and Bole, I have made no additional evaluation except to satisfy myself of the insufficiency of evidence from which to draw reasonable inferences. As I would not make a determination that Dewey's Automatic Transmission did not employ plaintiff, as Member Oldstrom has determined, so I would not make a determination that Dewey's Automatic Transmission did employ plaintiff, as Gulf urges at appeal. The evidence before us is insufficient for the drawing of even

reasonable inferences much less is it sufficient for such findings.

\* \* \*

"I would affirm the decision of the referee and its articulated intent rearticulated hereinbefore."

The effect of the decision was a dismissal of the case against Lang and Gregory "without prejudice". The Court of Appeals denied leave to appeal.

We granted leave to appeal, 401 Mich 807 (1977), primarily to consider the "statutory employer" question, *i.e.,* is Gulf or its consignee responsible for workers' compensation payments to an alleged employee of a contract dealer? Upon a close examination of the record and the WCAB opinion we find we cannot reach that question.

The "statutory employer" provision of the Worker's Disability Compensation Act of 1969 is found in § 171:

"If any employer subject to the provisions of this act, in this section referred to as the principal, contracts with any other person, in this section referred to as the contractor, who is not subject to this act or who has not complied with the provisions of section 611,[2] and who does not become subject to this act or comply with the provisions of section 611 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and if compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for

---

[2] Hansell Lang had not complied with § 611—he was not authorized as a self-insurer, nor had he purchased workers' compensation insurance.

reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed. A contractor shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract." MCL 418.171; MSA 17.237(171).

A reading of § 171 makes clear, and plaintiff concedes, that "[i]f there were no employment between Bobby Williams and any party to the case, then, of course, there could be no statutory employment". In his brief, plaintiff argues that:

"[I]t was necessary in all essential matters to decide the issue of employment. * * * In essence, the appeal board was willing to decide whether or not there was a cart, but not whether or not there was a horse attached to the cart to pull it. It is submitted that the obligation of the Bureau and the appeal board was to decide the issue of employment which it refused to do."

In oral argument, plaintiff contended that he had proven that he was Lang's employee, but the WCAB was unable to discern that he had done so.

Defendants contend that what the WCAB held was that plaintiff had failed to meet his burden of proof on his employment at either Lang's Gulf Service or Dewey's Automatic Transmission. Thus, plaintiff had lost his case against all defendants, and rightly so.

While the controlling opinion's statement "I respectfully submit that 'at most' much more could be found than that 'plaintiff may have been the employee of Hansell Lang'" is not a model for clear expression, a reading of the paragraphs following that statement (set forth in part above) leaves little doubt that the board majority viewed

the evidence insufficient to permit any inferences as to plaintiff's possible employment relationships.

Gulf and Bole argue that the board's decision is final and adverse to plaintiff. Dewey's Automatic Transmission argues that either the board's non-final decision is void as being without the board's power, or, the fact that "no determination" could be made of the employment issue, is itself a determination that plaintiff's proofs had failed. Plaintiff, too, seems to argue that the board's decision was not final. We fail to see how that argument profits plaintiff. We do not doubt that the only other option the board majority contemplated was a dismissal "with prejudice".

Whether or not we interpret the board's decision as a final one, we must affirm the WCAB's finding of fact on the employment issue.[3] We agree with Dewey's Automatic Transmission that a finding that the evidence on the record was insufficient to permit an inference of employment is a finding of fact.

Conflicting testimony on plaintiff's employment relationship or relationships was introduced. To rebut plaintiff's proofs that he was an employee, defendants offered into evidence facts tending to prove that plaintiff was Hansell Lang's partner. On the state of the record we might not have reached the conclusion reached by the board. But it is not this Court's function to weigh conflicting evidence in order to determine that one side or the other preponderates in a case where the WCAB could not make the determination. *Thornton v*

---

[3] "The findings of fact made by the board acting within its powers, in the absence of fraud, shall be conclusive. The court of appeals and the supreme court shall have power to review questions of law involved in any final order of the board, if application is made by the aggrieved party within 30 days after such order by any method permissible under the rules of the courts of the laws of this state." MCL 418.861; MSA 17.237(861).

*Luria-Dumes Co-Venture,* 347 Mich 160; 79 NW2d 457 (1956).

As relief, plaintiff requests that this Court examine the record and determine the facts. Alternatively, and more in accordance with proper procedure, plaintiff requests a remand to the WCAB for fact-finding according to an appropriate legal standard set forth by the Court. Plaintiff has not explained what the legal standard might be.

We believe a remand inappropriate here. While a disputed employment question may sometimes involve legal issues, the question here is solely one of fact. The WCAB's inability to conclude that plaintiff was an employee is a finding of fact and thus is conclusive.

A similar case is *Koschay v Barnett Pontiac, Inc,* 386 Mich 223, 226, 229-230; 191 NW2d 334 (1971). This Court noted that the issue, whether plaintiff had suffered a compensable injury, was, in that case, a pure question of fact. The appeal board had reviewed the testimony and concluded:

> "The record does not adequately establish plaintiff's continued disability and we find that whatever disability he may still have is not causally connected with his employment. * * * [W]e cannot find that plaintiff was doing normal work in a normal way and that particular work activity precipitated the heart attack. No condition of employment here occasioned injury and disability.
>
> "After careful review of the entire voluminous record we are unable to find that plaintiff-appellee received a personal injury arising out of and in the course of his employment by the defendant-appellant on May 18, 1966."

In a unanimous per curiam opinion this Court stated the Board's function and its own appellate function as follows:

"The appeal board therefore, depending upon its view of such proofs, was entitled to conclude either way; that the claimant's disability was compensable, that is, work-connected, or that it was not. The board found against the burden-bearing claimant. Now that he is here for judicial review, he must to sustain his appeal establish to our satisfaction that there was no question of fact and that the proof entitled him to an award *as a matter of law.* There is no alternative; no room as we shall see for contention that the appeal board reached its conclusion without supporting proof or permissible inference from proof.

"In that regard his situation is much more difficult on appeal than it would have been had the board found factually what it expressly said it could not." (Emphasis in original.)

Further,

"The primary function of the appeal board is that of finding what to it are the controlling facts. It is plain from its opinion that the board reached understandable conclusion that there was no proof persuasive enough to sustain the plaintiff's burden of making a *prima facie* case of right to an award."

Finally, in affirming, this Court issued,

"not an order of reversal or remand, but rather a respectful reminder that the appeal board give closer attention to the accuracy of its findings from the record, and that it specify them with firm precision, so that unnecessary appeals therefrom are eliminated."

See, also, the majority and dissenting opinions in *Lamb v John's Tavern,* 37 Mich App 678; 195 NW2d 278 (1972).

This is not a case in which we are unable to determine what facts the board considered in reaching its conclusion. The board considered

plaintiff's testimony and found him "amnesiac". The board considered Hansell Lang a missing "material witness", apparently believing Lang, rather than his father, could best explain his and Williams' relationship. The board found Dewey Gregory's testimony "totally self-contradictory".

If we were to determine that the board's decision was not a final decision, as plaintiff and one defendant seem to suggest, then we granted leave to appeal improvidently. This Court is authorized by MCL 418.861; MSA 17.237(861) to review final orders of the board. See *Lucas v Ford Motor Co,* 299 Mich 280; 300 NW 87 (1941).

Pursuant to its inability to determine plaintiff's employment relationship or relationships, the board dismissed the case "without prejudice". The board expressed an intention to leave the question of plaintiff's employment open for further consideration, presumably in the event plaintiff should acquire additional evidence.[4] While Dewey's Automatic Transmission vigorously argues that the board is not authorized by statute to grant a

---

[4] The board majority recognized that case law has held that a rehearing is not authorized by statute. The board majority apparently believed a rehearing would not be prevented here because the fact that it had affirmed the hearing referee's "no determination" meant the plaintiff's employment had not been actually litigated; hence *res judicata* would not apply.

The controlling opinion stated:

"It has long been the law in workmen's compensation and I submit that it continues to be the law that questions may be considered adjudicated only if such questions ' "were litigated as a matter of fact; that they were submitted to and decided by the" ' factfinder; ' "and that they were not collateral inquiries, but were crucial questions in the other controversy." ' *Hebert v Ford Motor Co,* 285 Mich 607, 613 [281 NW 374 (1938)]. Such does not obtain in the instant case nor does the *language* of *Hlady v Wolverine Bolt Co,* 393 Mich 368 [224 NW2d 856] (1975), which *holds* that a question of law which had been ruled upon in another unrelated case subsequent to plaintiff Hlady's first proceedings was a matter which was adjudicable in that prior hearing and was therefore subject to the rule of res judicata." (Emphasis in original.)

rehearing, whether or not plaintiff can obtain a new hearing or supplement the record after a dismissal "without prejudice" is not an issue here. Plaintiff has never requested a rehearing of his case nor offered to submit additional proofs in this proceeding.

Since on this record the board did not find plaintiff an employee of either Hansell Lang or Dewey Gregory, it should not have considered the liability of either Gulf or Bole as statutory employers. The WCAB's decision as to Gulf and Bole is vacated. The WCAB is directed to dismiss the case as to Gulf and Bole. The WCAB's decision to dismiss plaintiff's case as to Hansell Lang and Dewey Gregory is affirmed. We express no opinion on the effect of a dismissal "without prejudice". We retain no jurisdiction.

COLEMAN, J., concurred with FITZGERALD, J.