# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 1, 2006

130667 & (11) (14) (15)

FREDIE STOKES,
               Plaintiff-Appellee,

v

DAIMLERCHRYSLER CORPORATION,
               Defendant-Appellant.

_____/

SC: 130667
COA: 268544
WCAC: 02-000388

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the motions for leave to file briefs amicus curiae are GRANTED. The application for leave to appeal prior to decision by the Court of Appeals is considered, and it is DENIED, because the Court is not persuaded that the questions presented should be reviewed by this Court before consideration by the Court of Appeals. On the Court's own motion, pursuant to MCR 7.302(H) and 7.209(D), we order that the decision of the Workers' Compensation Appellate Commission in this case is STAYED pending resolution of the appellate proceedings, and note that *Boggetta v Burroughs Corp*, 368 Mich 600 (1962), remains controlling authority until reversed by this Court. We DIRECT the Court of Appeals to grant the application for leave to appeal in this case and issue a decision on the appeal before October 1, 2006.

We do not retain jurisdiction.

CAVANAGH, J., dissents and states as follows:

I do not agree with this Court's order stating that *Boggetta v Burroughs Corp,* 368 Mich 600 (1962), is still controlling authority without an appeal and an analysis from the parties of whether *Boggetta* is indeed still controlling authority. The Workers' Compensation Appellate Commission (WCAC) explains somewhat convincingly why the Legislature's actions may have rendered *Boggetta* no longer controlling authority, and I am reluctant to sign an order that states otherwise without full briefing.

Thus, I prefer a straight denial of leave to appeal. The Court of Appeals is more than capable of assessing the importance of a case and managing its docket. I do not believe that this case warrants this Court's arbitrary deadline. I also note that defendant

has not moved for immediate consideration in the Court of Appeals, which undermines the necessity of mandating a deadline for an opinion. More importantly, the vast majority of workers' compensation cases will not be affected by the WCAC's decision. The only cases that *may* be affected are limited in number, for example cases in which a magistrate may decide whether it is necessary to order the employee to meet with the employer's vocational rehabilitation expert or those involving interrogatories from a defendant. Notably, the effect on these cases is also minimal because a defendant can still present the testimony of vocational experts to rebut the causal connection between wage loss and disability.

For those reasons, I see no need to intervene at this juncture and would simply deny leave.

WEAVER, J., would deny leave to appeal.

KELLY, J., joins the statement of CAVANAGH, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 1, 2006

_Corbin R. Davis_
Clerk